**Wallace ALMOND, Plaintiff,**

v.

**COUNTRYSIDE CASUALTY COMPANY, Defendant.**

**No. HS 70–C–42.**

United States District Court, W. D. Arkansas, Hot Springs Division.

July 9, 1971.

**138**

James C. Cole, Malvern, Ark., for plaintiff.

Winslow Drummond, Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

This action was originally filed in the Circuit Court of Hot Spring County, Arkansas, and subsequently removed to this Court as a diversity action between citizens of different states and the amount in controversy exceeding the sum of $10,000, exclusive of interest and costs.

At the time of the commencement of this case and at all times since the plaintiff, Wallace Almond, was and is a citizen of Malvern, Hot Spring County, Arkansas. The defendant, Countryside Casualty Company, was at all times rele-vant to this proceeding and is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at Columbia, Missouri. The litigation is based on a policy of insurance providing bodily injury liability coverage limits of $20,000 issued by defendant to the plaintiff.

It is established that this is a matter of which this Court has jurisdiction, 28 U.S.C.A. §§ 1332, 1441(a).

This is a declaratory judgment proceeding by which the plaintiff seeks a declaration that an automobile liability policy issued by Countryside Casualty Company provides coverage to the plaintiff and that Countryside Casualty Company is obligated to the extent of the policy limits for any judgment or liability which may be adjudged against the plaintiff growing out of an automobile collision which occurred October 25, 1970; further, that Countryside Casualty Company be declared to be obligated under the terms of the policy to defend any action which may be brought against the plaintiff growing out of the collision.

The facts in the case are not in dispute. The parties have presented a real and justiciable issue within the provisions of the Declaratory Judgment Act, 28 U.S.C.A. § 2201; Rule 57 of the Federal Rules of Civil Procedure. The following shall constitute the findings of fact and conclusions of law of the Court pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

The case was tried to the Court, jury having been waived by both parties, on May 11, 1971. Ore tenus testimony was presented by the parties, together with exhibits, and at the conclusion of which plaintiff moved for judgment. The Court reserved ruling on the motion permitting the parties to submit briefs, which have been received. From the record in the case, the testimony and exhibits, the Court concludes that the substantive law of Arkansas must be applied to the facts.

On September 19, 1970, the defendant, Countryside Casualty Company, acting

through its local agent, issued a standard public liability insurance policy covering the plaintiff against liability to others that may result from the ownership, use, maintenance and operation of a 1965 Model International Truck. Included in the terms of the policy, inter alia, is the following language:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: (a) bodily injury sustained by any person; (b) property damage sustained by any person; caused by accident and arising out of the ownership, maintenance or use of the described automobile * * * and the company shall defend any suit alleging such bodily injury or property damage. * * *"

While the policy was in force and effect, the plaintiff was involved in a motor vehicle collision on October 25, 1970, at which time he was driving, using and operating the International Truck described in the policy of insurance. Prompt notice was given to the defendant of the accident as required by the policy.

On November 5, 1970, the defendant notified the plaintiff that it was not accepting the insurance as a valid policy issued through its local agent and gave notice of cancellation from the date of inception of the policy and tendered to the plaintiff a refund of premium with interest at the rate of 6%, which tender the plaintiff refused. The defendant company based its decision on alleged misrepresentations of fact plaintiff made in his application to the defendant for issuance of the policy, claiming the misrepresentations were material to the risks and that the policy in question would not have been issued if the plaintiff had answered truthfully to the questions on the application.

The facts disclose that on the application for insurance the plaintiff answered the following questions in the negative:

"5. During the past 5 years, has any driver, applicant or member of the household:

 * * *

 (d) Been arrested for any offense other than traffic violation? No

 (e) Fined or convicted of a moving traffic violation? No

 * * *

"6. Does any driver: * * * (b) Use alcoholic beverages? No
* * *"

The plaintiff signed the application on which the local agent issued a binder on which the policy in question was issued effective September 19, 1970.

It is admitted that on July 17, 1968, the Plaintiff Almond was arrested on a DWI charge, permitted bail in the sum of $110, which was forfeited without any further action, judicial proceeding, arraignment, plea or final judgment on the charge. It is also admitted that the Plaintiff Almond was arrested for a traffic violation, improper lane crossing, on October 22, 1969, permitted a bail in the sum of $10, which was forfeited and without any further proceeding, arraignment, plea or final judgment. It is apparent from the record that no alias warrants were issued or further arrest of the plaintiff following the forfeiture of the bond in each of the two cases.

The primary question is on the narrow issue as to whether under Arkansas law the forfeiture of a bond on a misdemeanor can be construed as a "fine" or "conviction", and, in the instant case, for a moving traffic violation. If the forfeiture of the two incidents is to be construed as contended by the defendant that Almond was either "fined or convicted", judgment should be entered in favor of the defendant. If as contended by the Plaintiff Almond that he was never "fined" or "convicted" on the basis that there was no adjudication of his guilt as distinguished from a forfeiture of bonds, judgment should lie in favor of the plaintiff. M.F.A. Mutual Insur-

ance Company v. Dixon, 243 F.Supp. 806 (W.D.Ark.1965); Sutherland v. Ark. Dept. of Insurance, 250 Ark. 903, 905, 467 S.W.2d 724. See also Leflar, American Conflicts Law (1968) § 109 p. 251.

Ark.Stats.1947 Ann. § 43–701 defines admission to bail as an order from a competent court or magistrate that the defendant be discharged from actual custody on bail. § 43–702 provides for the taking of bail.[1]

The Arkansas Statutes Chapter 7 providing for bail, includes aggregate liability § 43–706; form of bond § 43–707; and bail before conviction § 43–709, as follows:

"Bail before conviction.—Before conviction, the defendant may be admitted to bail:

"First. For his appearance before a magistrate *for an examination* of the charge, where the offense charged is a misdemeanor; or, [Emphasis supplied]

"Second. For his appearance in the court to which he is sent for trial; or,

"Third. For his appearance to answer an indictment, which has been found against him; or,

"Fourth. For his appearance in a penal action. [Crim.Code, § 70; C. & M. Dig., § 2957; Pope's Dig., § 3773.]"

Ark.Stats.1947 Ann. § 43–719 provides:

"Deposit of money in lieu of bail—Right to discharge.—Whenever the defendant is admitted to bail in a specified sum, he may deposit said sum with the county treasurer, in the county in which the trial is directed to be had, and take from the treasurer a certificate of such deposit, upon delivering which to the officer in whose custody he is, he shall be discharged. [Crim.Code, § 84; C. & M. Dig., § 2964; Pope's Dig., § 3780.]"

§ 43–722 provides that *upon judgment being rendered* against a defendant for fine and costs, the court rendering the judgment may order any money deposited agreeably to the foregoing sections, to be applied to the payment thereof. (Emphasis supplied)

Ark.Stats.1947 Ann. § 43–723 provides for forfeiture of bail—when taken—as follows:

"If the defendant fail to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered on the minutes, and thereupon the bail-bond, or the money deposited in lieu of bail, is forfeited."

Ark.Stats.1947 Ann. § 43–730 provides as follows:

"Recommitment after bail or deposit of money—When ordered.—The court in which a prosecution for a public offense is pending, may, by an order, direct the defendant to be arrested and committed to jail until legally discharged, after he has given bail, or deposited money in lieu thereof, in the following cases:

"First. When by having failed to appear, a forfeiture of bail, or of the money deposited, has been incurred.

"Second. When the court is satisfied that his bail, or either of them, is dead, or insufficient, or has removed from the State.

"Third. Upon an indictment being found for an offense not bailable."

It is quite clear from the foregoing referred sections of the Arkansas Statutes that the General Assembly of Arkansas intended to provide through bail procedure for an appearance in the appropriate court, or magistrate, to answer the charge for public offense. In its wisdom, the Legislature made provisions for the deposit of money in lieu of bail, forfeiture thereof and recommitment by arrest until the party arrested is legally

1. Ark.Stats.1947 Ann. § 43–702. Taking bail.—The taking of bail, consists in the acceptance by a competent court, magistrate, or officer, of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, or that the bail will pay to the State the sum specified.

discharged from the charge of a public offense. The plain reading of the statute reveals that the Legislature intended that a party charged, should have the opportunity to give bail or deposit money in lieu thereof. It is further provided that if and when the party failed to appear, there would be a forfeiture of the money deposited and when this had occurred the court in which the prosecution for the public offense is pending may by order direct that the party be arrested and committed to jail.

Counsel for the defendant relies on legal definition of a "fine" to be synonymous with "forfeiture" in its ordinary sense. Sundry cases are cited, but none construe the Arkansas Statutes. No case is cited by either party directly on the issue presented here. The Arkansas Supreme Court has construed corollary statutes and there are a number of cases on the question of what constitutes a conviction. State Medical Board v. Rodgers, 190 Ark. 266, 79 S.W.2d 83; Huddleston v. Craighead County, 128 Ark. 287, 194 S.W. 17; Tucker v. State, 248 Ark. 455, 455 S.W.2d 888; Sutherland v. Ark. Dept. of Insurance, 250 Ark. 903, 467 S.W.2d 724 (June 14, 1971).[2]

■ The Court is constrained to conclude that in the instant proceeding the Plaintiff Almond has not been adjudged as convicted or fined on the charges which admittedly there was a forfeiture of bail. The Court cannot agree with counsel for the defendant that under Arkansas law that "forfeiture" of a bail bond is "synonymous" with a fine. There can be no fine unless there is a conviction. This record fails to disclose that there was any final judgment of conviction as to either of the charges against Almond.

■ It is well established law in Arkansas, as with other jurisdictions, that an insurance policy provided by an insurance company is to be construed against the company where there is ambiguity. This rule is applicable to the application for insurance, as well as the policy itself. It might be noted that had the insurance company intended its questions on the application to apply to "forfeitures", it could have included them along with "fine" or "conviction" of a moving traffic violation.

The Court, therefore, concludes that the plaintiff is entitled to judgment on his complaint and that the defendant will be required to defend the action, if any, that may be brought against the plaintiff as a result of the automobile collision; further, that the defendant, Countryside Casualty Company, is obligated to the extent of the policy limits for any judgment or liability which may be adjudged against the plaintiff as a result of the automobile collision October 25, 1970.

Judgment conforming to this opinion will be entered and costs accrued in this action will be adjudged against the defendant.

---

2. These cases contain language that an accused is not convicted of a public offense until there has been a judgment and sentence by the court.