**Wallace ALMOND, Appellee,**

v.

**COUNTRYSIDE CASUALTY COMPANY, Appellant.**

**No. 71-1605.**

United States Court of Appeals,
Eighth Circuit.

Feb. 29, 1972.

Winslow Drummond, Wright, Lindsey & Jennings, Little Rock, Ark., for appellant.

No brief was filed by appellee's counsel.

Before BREITENSTEIN, Senior Circuit Judge,* and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellant, Countryside Casualty Company, appeals from judgment rendered by Judge Harris, D. C., 329 F.Supp. 137, ordering that appellant is required to defend any action that may be brought against the plaintiff and pay any obligation to the extent of the policy limits which may be adjudged against the plaintiff as a result of an automobile collision. The judgment was rendered as a result of a declaratory judgment action brought by the plaintiff.

In substance, the trial court held that the plaintiff was not guilty of misrepresentation in his application for automobile insurance from appellant when he replied in the negative to inquiries as to whether he had been fined or convicted of a moving traffic violation within 5 years. It is undisputed that within the 5-year period plaintiff had been arrested and charged with driving while intoxi-

cated and in connection therewith had forfeited a bond of $110. He was also arrested for a traffic violation, i. e., improper lane crossing, in connection with which he had posted a $10 bond which was forfeited. The trial court held that under Arkansas law forfeiture of a bail bond is not "synonymous" with a fine or conviction and that therefore plaintiff's response on the insurance application was not a misrepresentation.

We are satisfied that the trial court clearly applied the Arkansas law.

Affirmed. See Rule 14.

---

* Senior Circuit Judge, Tenth Judicial Circuit, sitting by special designation.