Mr. David Eberdt, Director Arkansas Crime Information Center One Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Eberdt:
This is in response to your request for an opinion regarding a problem which the Arkansas Crime Information Center ("ACIC") is having in compiling criminal history records. Specifically, you indicate that this problem relates to bond forfeitures and stems from the fact that ACIC receives disposition reports from some courts which indicate that a person's bond has been forfeited, with a notation that the bond amount was divided, showing a portion as a fine and the remaining part as court costs. You also indicate that it is your understanding that there is a "conviction" only if a court sentences a defendant to some kind of penalty (i.e. jail time or fine). With respect to this matter, you have asked the following questions:
 1. Under Arkansas law, may forfeiture of a bond be considered a conviction?
 2. Under Arkansas law, may a forfeited bond be applied as a "fine" and/or "court costs"?
The answer to your first question, in my opinion, is "no;" forfeiture of a bond cannot be considered a conviction under Arkansas law. In Almond v. Countryside Casualty Co.,329 F. Supp. 137 (1971), aff'd 455 F.2d 503 (1972), the district court, after reviewing the Arkansas bail bond statutes, concluded that the forfeiture of a bond could not be construed as a "conviction" or "fine" on the charges for which the bond was forfeited. The court reasoned that the clear intent of the statutes was to provide, through bail procedure, for an appearance in the appropriate court, with a forfeiture of bail resulting in the failure of that appearance, a penalty having nothing to do with the disposition of the crime itself. See329 F. Supp. at 140-41. See also A.C.A. §§ 16-84-101, -110, -115, -116, -201 and -202 (Cum. Supp. 1993). Additionally, A.C.A. §12-12-1003 (Cum. Supp. 1993) sets forth the scope and authority of the Arkansas Crime Information Center to collect, maintain and disseminate criminal history information. As you have pointed out, "conviction information" is defined as "criminal history information disclosing that a person has pleaded guilty, nolocontendre, or was found guilty of a criminal offense in a court of law, together with sentencing information." A.C.A. §12-12-1001(3). The forfeiture of a bond is not included in this definition.
Under the same reasoning, the answer to your second question is also "no;" a forfeited bond cannot be applied (or construed) as a "fine" and/or "court cost" as those penalties are incurred in connection with a conviction on the offense charged. There can be no fine unless there is a conviction. Almond,329 F. Supp. at 141. The reference by some courts to "fines" or "court costs" in relation to bond forfeitures may possibly derive from A.C.A. § 16-84-115 (Cum. Supp. 1993), which states in relevant part:
 (1)(A) Whenever the defendant is admitted to bail in a specified sum, he may deposit the sum with the proper city or county official in the city or county in which the trial is directed to be had and take from the official a receipt of the deposit, upon delivering which to the officer in whose custody he is, he shall be discharged.
 (B) After bail has been taken, a deposit may in like manner be made of the sum mentioned in the bail bond, which shall exonerate the surety.
 (2) Where money is deposited, the proper city or county official shall hold and pay the money according to the orders of the court having jurisdiction to try the offense, and he and his sureties shall be liable for the money on their official bond.
 (3) Upon judgment being rendered against a defendant for fine and costs, the court rendering judgment may order any money deposited agreeably to this section to be applied to the payment thereof. This subdivision shall not apply to a bail bond of a bail bondsman. [Emphasis added.]
This provision provides, however, for money deposited in lieu of bail to, in effect, be used to offset any fines and costs imposed in connection with judgment on the crime charged and does not involve forfeiture of that money. The bond may be "forfeited" in the sense that it is applied toward the satisfaction of the judgment and not returned to the defendant, but it is not legally forfeited for failure of the defendant to appear in court. Thus, a notation in the manner you describe would, in my opinion, be inaccurate. The statutes clearly provide separate proceedings for the forfeiture of bond money should a defendant fail to appear.See A.C.A. §§ 16-84-201 through -203. That forfeiture is a penalty separate and distinct from any fines or costs imposed following judgment or conviction. The deposit of bail money may be applied toward satisfaction of a fine or cost, but bondforfeiture cannot be so applied, nor should it be characterized as such.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh