PINE BLUFF COMPANY *v*. BOBBITT. .

Opinion delivered May 16, 1927.

1. EVIDENCE—FORMER TESTIMONY OF ABSENT WITNESS.—It is not error to admit the testimony of witnesses given at a former trial between the parties, where such witnesses were outside the jurisdiction of the court, and it did not appear that their absence was known or their addresses obtainable in sufficient time to take their depositions.

2. EVIDENCE—FORMER TESTIMONY OF ABSENT WITNESS.—The testimony of a witness at a former trial is admissible in the subsequent trial of the same case between the same parties if the witness is beyond the jurisdiction without procurement of the parties seeking to introduce such testimony, and if the address of the witness could not be obtained by reasonable diligence in time to take his deposition, provided the adverse party had an opportunity to cross-examine the witness when his original evidence was given.

3. EVIDENCE—FOUNDATION FOR SECONDARY EVIDENCE OF ABSENT WITNESS.—It is within the sound discretion of the trial court to determine whether the proper foundation has been made to admit secondary evidence of an absent witness.

4. EVIDENCE—MATTER OF COMMON KNOWLEDGE.—That electricity is a silent and dangerous commodity is a matter of which the court may take judicial notice.

5. ELECTRICITY—BURDEN OF PROOF.—In an action against an electric company for injuries caused by contact with a guy wire which, the company alleged, became charged from a connecting wire placed between guy and tension wires by third party, the burden was on the company to show that the connecting wire was placed there by a third person and that the dangerous condition could not have been detected by the exercise of ordinary care in time to have prevented the injury.

6. EVIDENCE—BURDEN OF PROOF.—A defendant by setting up a defense difficult to prove can not avoid the burden of proof because of that difficulty.

7. ELECTRICITY—INSTRUCTION AS TO LIABILITY.—In an action for injuries against an electric company, an instruction that the company had the burden to prove that a connecting wire was placed between the other wires by some person other than an employee was not erroneous for omitting "while in discharge of his duty" after the word "employee."

8. ELECTRICITY—INSTRUCTION—USE OF WORD "ACTUALLY".—An instruction requiring an electric company to prove that a person other than its employee actually placed the connecting wire

between the other wires, thereby causing the injuries complained of, *held* not erroneous for use of the word "actually".

9. Electricity — Instructions as to Liability of Electric Company.—Instructions ignoring the duty of the defendant electric company to exercise ordinary care to discover presence of wire charging guy wire with heavy current and to remove danger *held* properly refused.

10. Trial—Refusal of Requested Instructions.—Refusal to give requested instructions does not constitute reversible error where the matter is fully covered by instructions given.

11. Damages—When Excessive.—In an action against an electric company for burns to a six-year old boy sustained from contact with a charged guy wire, a verdict of $22,500 for injuries rendering the child a cripple and for pain and suffering, *held* excessive where his condition was gradually improving, but it will be affirmed upon a remittitur of $10,000.

Appeal from Jefferson Circuit Court; *T. G. Parham,* Judge; reversed in part.

*C. H. Moses* and *Bridges & McGaughey,* for appellant.

*Rowell & Alexander,* for appellee.

Humphreys, J. This is the second appeal in this case from a judgment in favor of L. W. Bobbitt for $2,500, and in favor of L. W. Bobbitt, guardian, for $22,500, and for a general statement of the issues and facts herein we refer to the opinion reversing the cause on a former appeal, reported in 168 Ark. 1019. The evidence responsive to the real issues involved which was introduced on a retrial of the cause is not materially different from the evidence adduced on the first trial. Some additional evidence, largely of an expert nature, was introduced by both parties relative to the proper and improper method of constructing electric light plants, the use of detectors to discover grounded wires, and their effectiveness, and the character, condition and operation of the detector installed in this particular plant, and whether proper inspection had been maintained in the operation of the plant. The additional expert evidence introduced by appellant tended to show both proper construction and inspection of the plant, and that the wire connecting the high tension wire and

the guy-wire was foreign to and an unnecessary wire either in the construction or operation of the plant. The additional expert evidence introduced by appellees tended to show that such a wire might have been placed in the position it was to ground static electricity carried by the high tension wire so as to protect workmen who might be extending the line. Additional evidence was also introduced by appellant tending to show that no authority was given to its employees to place the foreign wire in the position it was found, and to show that it was not attached by its employees.

The court reversed the judgment on the former appeal on account of the refusal of the trial court to give appellant's requested instruction No. 14, set out in the former opinion, which was a correct declaration of law applicable to the disputed issues of fact in the case not clearly covered in the other instructions given by the court as a guide to the jury. In reversing and remanding the cause for a new trial this court announced the law applicable to the facts as follows:

"Appellant contends that the instructions given by the trial court as a guide to the jury were erroneous because they placed the burden upon appellant to justify or excuse itself from transmitting the current of electricity through its guy-wire which burned the child. Under the circumstances of the injury a *prima facie* case of negligence on the part of appellant was made, which entitled appellee to go to the jury, and placed the burden on appellant to justify or excuse its negligence. The undisputed evidence revealed that the child received the injury from coming in contact with appellant's guy-wires, while playing near the roadside, which should not have been carrying electricity, in the proper operation of the plant. This guy-wire was under the control and management of appellant. *Southwestern Tel. & Tel. Co. v. Bruce*, 89 Ark. 581, 117 S. W. 564; *Commonwealth Public Service Co. v. Lindsay*, 139 Ark. 283, 214 S. W. 9; *Arkansas Light & Power Co. v. Jackson*, 166 Ark. 633, 267 S. W. 359. It was appellant's current of electricity which burned the child, and it could not

excuse itself by simply showing that the current was connected to the guy-wire from its tension wire through a foreign wire attached to the two by some third party. It was required to do more than that to exculpate itself from the *prima facie* case of negligence made by proof of the injury and the manner thereof. It must be shown, in addition, that it used ordinary care to discover and remove the foreign wire. 9 R. C. L., pp. 1215, 1217 and 1218.''

''While the burden in the whole case rested upon appellee, after a *prima facie* case was made, the instructions given by the court correctly placed the burden upon appellant to justify or excuse its negligence. The instructions given by the court, in so far as they covered the issues involved, were substantially correct, and impervious to attack by general objections.''

On the retrial of the cause the court instructed the jury, at the request of appellees, in substance, as before, and, at the request of appellant, in accordance with the law announced by the court in reversing the former judgments.

Appellant contends for a reversal of the judgments upon the following grounds:

1. Permitting the reading of the testimony of Ellis and Whittle at a previous trial. 2. The giving of instruction numbered 2, requested by plaintiffs. 3. The giving of instruction numbered 5, requested by plaintiffs. 4. The refusal to give instruction numbered 3, requested by defendant. 5. The refusal to give instruction numbered 8, requested by defendant. 6. The refusal to give instruction numbered 9, requested by defendant. 7. The refusal to give instruction numbered B, requested by defendant. 8. The refusal to give instruction numbered 12, requested by defendant. 9. That the verdict was excessive.''

(1). It is argued that the court erred in admitting the testimony of Andy Ellis and Jesse Whittle, given on a former trial, because it was not shown that Jesse Whittle was a nonresident, and, if both were nonresi-

dents, it was not shown that their depositions could not
have been taken in time for the trial. Nineteen days
before the trial a subpoena was issued for these witnesses
and placed in the hands of the sheriff of Jefferson
County. Four days thereafter the following return was
made upon the subpoena by the sheriff: ''After diligent
search and inquiry I am unable to locate the within
named Andy Ellis and Jesse Whittle in Jefferson
County, Arkansas, as I am therein commanded. S. F.
Vaulx, sheriff. B. W. Vick, D. S.''

B. W. Vick testified that both witnesses were out of
the State; that he learned that Andy Ellis was up north,
around Chicago, and Jesse Whittle was somewhere in
Louisiana. B. G. Wilkerson testified that he received
information from Andy Ellis' wife, from a letter that he
had written to her, that he was in Kansas City, either
Kansas City, Missouri, or Kansas City, Kansas, he did
not remember; that he could not recall the address he saw
on the letter. One of the attorneys for appellant agreed
that Jesse Whittle was in the penitentiary in Louisiana,
but neither he nor the attorneys for appellees knew the
length of time he had been in the penitentiary. The rec-
ord fails to disclose that appellees or their attorneys
knew of the absence of the witness prior to the return
made by the sheriff of the subpoenas, or ascertained or
could have ascertained their addresses in time to take
depositions in the case.

This court is committed to the doctrine that second-
ary evidence is admissible in the same case between the
same parties if the witness who testified originally is
beyond the jurisdiction of the court, without the pro-
curement or connivance of the party seeking to intro-
duce the testimony, and if the address of the witness was
not or could not, by reasonable diligence, have been
obtained in time to take his deposition, provided the
adverse party had an opportunity to cross-examine the
witness when his original evidence was given; and it is
within the sound discretion of the trial court to deter-
mine whether the proper foundation had been laid to

admit the secondary evidence of an absent witness. *Clinton* v. *Estes,* 20 Ark. 216; *Shackleford* v. *State of Arkansas,* 33 Ark. 539; *McTighe* v. *Herman,* 42 Ark. 285; *Railway Co.* v. *Henderson,* 57 Ark. 402, 21 S. W. 878; *Vaughan* v. *State,* 58 Ark. 353, 24 S. W. 885; *Kansas & Texas Coal Co.* v. *Galloway,* 71 Ark. 351, 74 S. W. 521; *Wimberly* v. *State,* 90 Ark. 514, 119 S. W. 668. We cannot say that the discretion of the trial court was abused in admitting the secondary evidence upon the proof offered as preliminary to its introduction.

(2). Instruction No. 2, given by the court at the request of appellees, is assailed as fatally defective, on specific objection, because the court assumed therein that electricity is a silent and dangerous agent. It is common knowledge that electricity is a silent and dangerous commodity, so the court did not err in assuming such to be the fact. The law recognizes that electricity is silent and dangerous without a finding to that effect by a jury. No prejudice could have resulted to appellant on account of the assumption by the court of a known and accepted fact.

(3). Five specific objections were made to the giving of instruction No. 5, requested by appellees, which instruction is as follows: "The defendant, Pine Bluff Company, is claiming that the connection between its high tension wire and its guy-wire was made by a connecting wire which was placed between the two wires by some person other than an employee of the defendant company. Now the burden is upon the Pine Bluff Company to show that said connecting wire was actually placed there by some other person than an employee of the defendant company, and even this would be no defense against its liability in this case unless it has also shown that the dangerous condition of its guy-wire could not have been detected by the exercise of ordinary and reasonable care in time to have prevented the injuries sustained by Lawson Bobbitt."

The first four specific objections assailed the instruction because it placed the burden upon appellant to show

that "said connecting wire was placed there by some person other than an employee of the defendant company." We think that the only effect of the instruction was to tell the jury that it was not only necessary for appellant to prove the defense it had interposed, that the connecting wire was placed there by an outsider and not by an employee, but, in order to exempt it from liability, must also show that the dangerous condition of its guy-wire could not have been detected by the exercise of ordinary and reasonable care in time to have prevented the injury.

The former opinion rendered in this case clearly placed the burden upon appellant to exculpate itself from the *prima facie* case of negligence made by proof of the injury and the manner thereof. Appellant had no right to set up a defense that was hard to prove and then escape on the ground that it was next to impossible to make the proof. Appellant complains that the instruction was peremptory. We think not; but, if peremptory, the trouble was not in the instruction but in appellant for setting up a defense which it was unable to sustain by proof. Appellant also complains that the instruction was erroneous because the court refused to modify it so as to read "an employee of the company while in the discharge of his duty." If an employee of the company tied the connecting wire in while not in the discharge of his duty he was in that respect and to that extent a third party or an outsider, and could not bind appellant by an act beyond and outside of his apparent scope of authority. We do not think the refusal of the court to so modify the instruction rendered it erroneous.

Appellant also complains that the word "actually" used in the instruction necessarily required it to prove that some particular person, by name, tied the connecting wire. We do not think such burden was necessarily placed upon appellant by the use of the word "actually," for it might have been shown that the connecting wire was placed there by a crew of workmen, or some unknown person.

(5, 8). The court did not err in refusing to give instructions Nos. 8 and 12 because both ignored the obligation resting upon appellant to exercise ordinary care to have discovered the connecting wire and remove the danger.

(6-7). The refusal to give requested instructions Nos. 9 and B did not constitute reversible error because they were fully covered by instructions Nos. 7 and 11, requested by appellant.

(9). This brings us to a consideration of whether the verdict and judgment in favor of L. W. Bobbitt, as guardian of Lawson Bobbitt, is excessive.

Appellee's counsel have summarized the evidence relative to the character of the injury and pain and suffering entailed thereby, and we adopt it, in the main, rather than to set out the testimony of each witness. Lawson Bobbitt was burned in five different places; two in the back of the head so that the skull was visible, one on his back, one on the calf of the right leg that did not heal for three months, and one four inches above to four inches below the knee on the left leg, leaving a part of the bone exposed. The burn on the left leg did not heal for nearly two years. The scar tissue which eventually covered the burn on the left leg has broken down on two or three occasions, and, when it breaks down, pus forms and runs out, necessitating dressing it twice a day. The injury rendered him unconscious for a period of twenty-four hours, and he remained in the hospital for more than two weeks, and suffered intense and excruciating pain for many months after. For more than two years he was in the daily care of one of his physicians, and his wound required dressing twice a day. All of the flesh sloughed out of the burns on the head and left leg. His mother remained in the room with him for many months, sleeping and eating by his side. He was extremely nervous, and still cries out frequently in his sleep. He was delayed in entering school for a year on account of the injury, and has to be carried to and from school by his mother. His left leg is smaller than his right leg, and he will always be

a cripple. It is necessary for him to wear a brace. Lawson testified that he would break his ankle if he attempted to walk without a brace. He was six years of age when injured, was bright, and could learn easily. At the time of the last trial he had sufficiently recovered to walk, jump and play when he had his brace on, and could ride a pushcart and bicycle.

Dr. McMullen testified that, in his opinion, the boy's leg would gradually improve and eventually he would be able to walk without a brace. Dr. Lowe testified that the boy's limb would improve gradually until it became normal, and that he would be able to engage in any of the useful occupations that boys usually enter.

In view of the fact that Lawson's wounds have all healed permanently, except the wound on the left leg, and that it is gradually improving, and the fact that he has recovered the use of his leg to a marked extent, and, in the opinion of Drs. McMullen and Lowe, will eventually be able to walk without the use of a brace and to enter any of the useful occupations, a majority of the court is of the opinion that the judgment is excessive, and should be reduced to $12,500, under the precedent established in the case of *Aluminum Co. of North America v. Ramsey,* 89 Ark. 522, 117 S. W. 568; *Williams v. Fleming* (Mo. Sup.), 284 S. W. 794, 46 A. L. R. 1220. The Chief Justice and the writer do not concur in the view of the majority in this respect. We are of the opinion that the nature of the injury, the intense suffering and pain it entailed, when considered in connection with the fact that he will be a cripple all his life, justifies the amount of the recovery.

The judgment in favor of L. W. Bobbitt in his own right for $2,500 will be affirmed, and, if a remittitur is entered for $10,000, the judgment in favor of L. W. Bobbitt, as guardian, will be affirmed for $12,500; otherwise said judgment will be reversed, and the cause remanded for a new trial.