Edward "Pete" RICHARDS v. STATE of Arkansas

CR 73-57                                498 S.W. 2d 1

Opinion delivered July 2, 1973
[Rehearing denied August 27, 1973.]

*Randell Templeton,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, charged with and convicted of assault with intent to rape, was sentenced to imprisonment for 21 years. He argues two points for reversal.

First, it is contended that the State's proof did not sufficiently identify Richards as the person who committed the offense. This contention is without merit. Richards' identity was established not only by the testimony of the prosecutrix but also by a chemical analysis of stains found upon her clothing and upon a handkerchief taken from Richards at the time of his arrest and apparently used in the course of the assault.

Secondly, Richards questions the admissibility of the record of a previous conviction introduced by the State to show that he was a habitual criminal. The record in question, showing a burglary conviction in a Texas state court, was certified by Waymon Wooderson as the Record Clerk of the Texas Department of Corrections.

Under our holding in *Higgins* v. *State,* 235 Ark. 153, 357 S.W. 2d 499 (1962), the record was not certified by the right person. That part of the statute which is pertinent here requires that the conviction be shown by "the certificate of the warden or other chief officer of any penitentiary of this State or any other State." Ark. Stat. Ann. § 43-2330 (Repl. 1964). In *Higgins* we held that the statute must be strictly construed and that a certificate by an Inspector, Identification Division, did not satisfy the statutory requirement that it be by the chief custodian of the records of the United States Department of Justice. By the same reasoning it cannot be said that the Record Clerk of the Texas Department of Corrections is the warden or chief officer of a Texas penitentiary.

The error, however, does not necessarily call for a new trial. The jury, in accordance with the statute, first returned a verdict of guilty and then, after having heard the proof of the prior conviction, retired a second time to fix the punishment. Section 43-2330.1 (Supp. 1971). Hence the error had no bearing upon the finding of guilty. The minimum penalty for assault with intent to rape is confinement for three years. Ark. Stat. Ann. § 41-607 (Repl. 1964). If the Attorney General, within 17 days,

elects to consent to a reduction of the sentence to the minimum, the judgment will be affirmed as so modified. Otherwise the judgment must be reversed and the cause remanded for a new trial.