J. T. ROACH *v.* STATE OF ARKANSAS

CR 73-128                                   503 S.W. 2d 467

Opinion delivered December 17, 1973

*Don Langston* and *Hubert Graves*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Philip M. Wilson*, Asst. Atty. Gen.. for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of robbery and sentenced to eleven years under the penal provision of Ark. Stat. Ann. § 41-3602 (Repl. 1964), and the habitual offender act, Ark. Stat. Ann. § 43-2328 (Supp. 1971). Appellant was also sentenced to an additional five and one-half years for the use of a firearm in commission of the felony. § 43-2336.

Appellant first contends for reversal that the trial court's continuance of "this case on its own motion because of uncertainty as to how a witness subpoenaed by the defendant would testify prejudiced the defendant's ability to defend himself and violated his right to a speedy trial under the U. S. Constitution, Amendments 6 and 14, and the Constitution of the State of Arkansas, Article 2, Section 10."

The granting of a postponement of a criminal trial may be made upon a showing of "sufficient cause." Ark. Stat. Ann. § 43-1705 (Repl. 1964). The granting of a continuance by the trial court is a matter within the court's sound discretion and will be upheld absent a showing of abuse of discretion. *Nowlin* v. *State*, 252 Ark. 870, 481 S.W. 2d 320 (1972), *Randall* v. *State*, 249 Ark. 258, 458 S.W. 2d 743 (1970). Several days before trial the court was informed that in accordance with appellant's demand his attorney had subpoenaed a fellow

prisoner as a witness for his defense. A local attorney was appointed to represent the prospective witness who appellant expected would admit to the robbery and exonerate appellant. The witness' appointed attorney, however, was in the hospital on the day of appellant's scheduled trial. The attorney requested the right to be present when his client testified in order to fully advise him of his constitutional rights as a witness. The trial court, on his own motion, reset the case for trial about two months later. Appellant objected and maintained the trial court should proceed even though the witness' attorney was ill. We note that the witness, subpoenaed by appellant, testified at a later trial date and disclaimed any participation in the alleged offense. In the circumstances, we find no abuse of discretion in the court's postponement of the rial.

Neither do we find merit in appellant's contention that his right to a speedy trial was violated. Our speedy trial statute, Ark. Stat. Ann. § 43-1708 (Repl. 1964), would have required appellant's trial within two terms of court from the time charged. Ark. Stat. Ann. § 22-310 (Repl. 1962) indicates that the terms of court in Sebastian County, Fort Smith District, commence on the first Monday in February, June and October. Appellant was arrested in the third term and tried in the first or succeeding term, therefore, meeting the two term requirement. See also *Givens* v. *State,* 243 Ark. 16, 418 S.W. 2d 629 (1967), *Randall* v. *State, supra, Gardner* v. *State,* 252 Ark. 828, 481 S.W. 2d 342 (1972).

Appellant's second contention is that the court erred in allowing a pistol, seized in a warrantless search of his car, to be introduced into evidence. Warrantless car searches are permissible due to the mobility of the object to be searched where there exists probable cause to believe that the automobile contains articles the officer is entitled to seize. *Carroll* v. *United States,* 267 U.S. 132 (1924), *Easley* v. *State,* 255 Ark. 25, 498 S.W. 2d 664, and *Cox* v. *State,* 254 Ark. 1, 491 S.W. 2d 802 (1973). In the instant case the deputy sheriff in Leflore County, Oklahoma, testified, based upon information about the robbery and a description of the appellant and his

vehicle, that he and other officers found the appellant's car parked and abandoned on the side of a highway. Appellant had run out of gas and left the car in search of a service station which, it appears, was unknown to the officer. The absence of the driver at the time of discovery of the car does not necessarily eliminate the mobility factor. There existed probable cause for the search. The officer had certain information which fit the description of the get away car. He testified that he saw the pistol when he shined his flashlight through the car window. Additionally, Okla. Stat. Ann. 21 § 1289.13 makes it unlawful to transport a loaded firearm over a public highway or roadway, subject to certain exceptions enumerated in 21 § 1289.6. Upon observing the weapon in the back seat of the car, the officer had probable cause to believe an offense had been committed and could validly seize the loaded pistol without a warrant under the standards of *Carroll* v. *United States, supra.*

Appellant's third contention is that the trial court erred in denying appellant's motion for a mistrial. When the deputy sheriff who seized the pistol was called to testify, the prosecuting attorney asked defendant "[H]ave you prior to this time testified in this court on a hearing on motion to suppress?" The question was never answered. Any possible prejudice was removed by the court admonishing the jury not to consider the question. *Washington* v. *State,* 227 Ark. 255, 297 S.W. 2d 930 (1957), and *Howell* v. *State,* 220 Ark. 278, 247 S.W. 2d 952 (1952).

Appellant next contends that the trial court erred in denying appellant's motion for a directed verdict. Appellant's only argument is that the testimony of a seventy-three year old woman, the victim of the robbery, was insufficient to sustain a verdict of guilty of robbery. This contention is absolutely meritless. The victim's unequivocal identification of appellant constitutes ample substantial evidence to support the finding of the jury without detailing other corroborating evidence.

Appellant's fifth contention is that the court erred in submitting the verdict forms to the jury. The jury was

initially given three verdict forms: i.e., guilty of robbery, guilty of robbery with a firearm and not guilty. After finding the defendant guilty of robbery with a firearm, evidence was then introduced that defendant was previously convicted of other offenses or that he was a habitual offender. The jury was again instructed and sent out to deliberate with three verdict forms: (1) penalty verdict for robbery—no previous felony convictions (2) "Penalty Verdict For Robbery and Under Habitual Criminal Act" and (3) "Penalty Verdict For Use of Firearm." The jury used the penalty verdict for robbery as a habitual criminal and imposed an eleven year sentence. On the separate penalty verdict form for the use of a firearm, the jury assessed an additional five and one-half years. Thus a total of sixteen and one-half years was imposed by both verdicts. Appellant contends that it was not the intention of the legislature that both statutes be applicable in the same case.

We perceive nothing contrary to legislative intent nor any violation of due process or double jeopardy in submitting *both* allegations: i.e., being a habitual offender (§ 43-2328) together with committing a felony with a firearm (§ 43-2336) to the jury. The former permits the jury to increase a minimum prescribed sentence when a previous conviction is properly shown. The latter provides an additional sentence of not to exceed seven years for one committing a felony by using a firearm. See also *Johnson* v. *State*, 249 Ark. 208, 458 S.W. 2d 409 (1970). § 43-2337 provides that the period of confinement, if any, "shall be in addition to any fine or penalty provided by law as punishment for the felony itself, **** and shall run consecutively, and not concurrently, with any period of confinement imposed for conviction of the felony itself." In the case at bar, the jury was permitted to consider evidence relating to the habitual offender act. As indicated, we find nothing inconsistent or unconstitutional in the jury separately considering and assessing the extra five and one-half years for committing the felony with a firearm. Based upon the separate verdicts, the court properly ordered the latter sentence to run consecutively to the first sentence as the legislature clearly directed.

Appellant next contends that the court erred in allowing the introduction of a South Carolina document to prove a previous felony conviction in that jurisdiction. § 43-2329 or our habitual criminal act provides that a properly authenticated certificate of conviction in another jurisdiction is admissible for purposes of increasing a minimum sentence in our state if that particular offense in the other jurisdiction would be punishable by imprisonment in the petitentiary in this state. Exhibit 2, which is in question, reads an "indictment for Larceny" to which appellant pled guilty and received eighteen months imprisonment in 1960 in South Carolina. The ambiguity about which appellant complains centers around whether appellant was indicted for grand or petit larceny. If the latter, then the conviction could not be used for habitual offender purposes in Arkansas. So. Car. Code § 15-352 (1962) provides that larceny of goods below $20 is a misdemeanor. The appropriate Arkansas statute [Ark. Stat. Ann. § 41-3907 (Repl. 1964)] breaks the felony misdemeanor distinction at $35.

Appellant was obviously charged under South Carolina's grand larceny statute since he received eighteen months as punishment in the penitentiary. The South Carolina petit larceny statute contains a maximum imprisonment provision of thirty days in the county jail. However, it is impossible to determine from the indictment whether the crime appellant committed there would have been punishable by imprisonment in the Arkansas penitentiary. The South Carolina indictment does not reveal the value of the property stolen. For example, had appellant stolen property valued at $30, the crime would have been grand larceny in South Carolina and petit larceny in Arkansas. Therefore, since our statue is penal in nature and subject to a strict construction, the state did not meet its burden of adducing sufficient evidence that the South Carolina conviction would be punishable by imprisonment in the Arkansas penitentiary as our statute so clearly requires. We do not construe, as the state contends, that appellant did not sufficiently object to the admissibility of exhibit 2. Therefore, its introduction into evidence was manifestly prejudicial

to appellant's rights even though the jury in a colloquy with the court advised it had considered only exhibit 5 as constituting a felony, which appellant had admitted when he testified as to the correctness of the document. We cannot say with confidence and without speculation that appellant's eleven year sentence, based upon being a habitual criminal, and his additional sentence of five and one-half years for the use of a firearm were not enhanced or increased by the jury in its deliberations due to exhibit 2, which was inadmissible. We accordingly reduce both verdicts to a total of four years (three years minimum for robbery, plus one year for the admitted felony conviction) to remove all possibility of any prejudicial effect to the appellant. Should the state, through the attorney general, elect to accept this reduction within seventeen calendar days, the judgment is affirmed. Otherwise, it is reversed and the cause remanded. *Richards* v. *State*, 254 Ark. 760, 498 S.W. 2d 1.

We deem appellant's objection as to exhibits 5 and 6 as being waived since the appellant does not favor us with a discussion of them in his argument.

Appellant next contends that the trial court erred in denying appellant's motion for credit for approximately five months he was in jail awaiting trial. The appellant is an indigent and was unable to make bail. We deem it unnecessary to reach this issue in the case at bar inasmuch as by our per curiam order on November 13, 1973, we permitted this sole issue to be presented on two separate petitions pursuant to Criminal Procedure Rule No. 1. Should the appellant desire, he is permitted to file an amicus curiae brief on this issue. In the event we determine pre-trial incarceration credit is constituionally required for indigents, then he will be so entitled.

Affirmed upon acceptance of modification of judgment; otherwise, reversed and remanded.