Richard S. McCONAHAY *v.* STATE of Arkansas

CR 74-99                                    516 S.W. 2d 887

Opinion delivered December 2, 1974
[Rehearing denied January 20, 1975.]

*F. James Jefferson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen. and *Arthur John Anderson Jr.,* Dep. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury first determined appellant guilty of grand larceny. Then pursuant to the habitual offender act, Ark. Stat. Ann. § 43-2328 (Supp. 1973), documents evidencing four previous convictions were introduced and appellant's punishment was assessed by the jury at 31½ years, the maximum, in the Department of Correction. Appellant asserts for reversal that the court erred in allowing the jury to consider as evidence of prior convictions two documents which do not reflect whether the appellant was represented by or had validly waived counsel. The state with commendable candor concedes this is error.

Appellant's court appointed and present counsel objected to the introduction of these two deficient documents. However, they were admitted into evidence on the basis that they reflected appellant had received a jury trial. Therefore, it presumably would appear that appellant was represented by counsel. It is well settled that "presuming waiver of counsel from a silent record is impermissible." *Burgett* v. *Texas,* 389 U.S. 109 (1967). The introduction of a previous conviction document, where that record concerning representation is "silent," is prejudicial error. *Roach* v. *State,* 255 Ark. 773, 503 S.W. 2d 467 (1973); *Richards* v. *State,* 254 Ark. 760, 498 S.W. 2d 1 (1973); *Wilburn* v. *State,* 253 Ark. 608, 487 S.W. 2d 600 (1972); and *Burgett* v. *Texas, supra.*

Appellee urges that a practical and appropriate procedure now would be to remand the cause for an evidentiary hearing by the trial court similar to that in *Jackson* v.

Denno, 378 U.S. 368 (1964), to determine if appellant was represented by or validly waived counsel during the trials of his two out of state convictions. By Ark. Stat. Ann. § 43-2105 (Supp. 1973), following *Denno,* a confession of a defendant is not admissible into evidence for a jury's consideration until the court has first held an in chambers hearing and there determined by a preponderance of the evidence that the confession was free and voluntary. When determined as being admissible our statute requires that thereupon "[I]ssues of fact shall be tried by a jury. . . . " In *Kagebein* v. *State,* 254 Ark. 904, 496 S.W. 2d 435 (1973), we recognized that *Denno* and our statute are for the purpose of preventing a jury from hearing an involuntary confession. There we said "[I]t is not intended to restrict evidence a jury may hear after a court determination of voluntariness has been made. The defendant still has the constitutional right to h· ve his case heard on the merits by a jury, including the weignt and credibility the jury might give to the voluntariness of the confession."

The state says, however, in the case at bar, that upon a remand it is willing to shoulder the heavy burden of proof in a *Denno* hearing to convince the trial court beyond a reasonable doubt that the appellant was represented by or validly waived counsel at the time of his previous convictions. If the state meets that burden of proof with respect to the admissibility of the deficient documents, then the state asserts appellant's sentence should stand and would comport with appellant's constitutional rights. If, however, the burden of proof is not met, then the state would have the election to retry the appellant or accept the minimal enhancement of his sentence based upon the two documents to which no objection was made. We cannot agree with this suggested procedure.

Ark. Stat. Ann. § 43-2330.1 (Supp. 1973), our habitual criminal statute, reads in pertinent part:

The following trial procedure *shall be adhered to* in cases involving habitual criminals:

(1) The jury shall first hear all the evidence pertaining to the current charge against the defendant and shall retire to reach its verdict as to this charge,

based only upon such evidence; \*\*\* [which was done in the case at bar]

(2) If the defendant is found guilty, the same jury shall sit again and hear evidence of defendant's prior conviction(s). Provided, that the defendant shall have the right to deny the existence of any prior conviction(s), and to offer evidence in support thereof. (Emphasis ours.)

Certainly, it is for the trial court to determine the preliminary issue as to admissibility of the evidence. *Cantrell v. State*, 117 Ark. 233, 174 S.W. 521 (1915). The court should not now be asked to do indirectly what it could or should not do directly at the initial trial; i.e., determine the truthfulness or veracity of the admittedly infirm documents without that issue being determined by the jury. Cf. *Cantrell v. State, supra.* That is an issue which our legislature clearly intended for the jury's determination once the trial court finds it admissible. Citations are not necessary to the effect that we have consistently held that a statute, which is penal in nature, as here, must be strictly construed.

Appellant's counsel had a right to rely upon our previous decisions interpreting this statute and the procedure followed. *Wilburn, supra.* When the prior convictions were introduced, counsel properly objected and pointed out the constitutional infirmity. In *Denno* the defendant testified before the jury as to his version of his confession. According to *Wilburn*, it was unnecessary for appellant to testify or introduce any evidence, neither of which he did, since the documents were, as admitted, constitutionally defective. The burden was upon the state to offer proper documents or evidence before the jury to correct the defects. Our state and federal constitutions guarantee appellant the right to confront and cross-examine adversary witnesses. The jury, by this highly penal statute should be allowed, if requested, to weigh the credibility of these witnesses on a most vital and crucial fact issue.

In the case at bar, in accordance with our well established procedure when an infirm document of a previous convic-

tion is admitted as evidence, we reduce appellant's sentence. *Roach* v. *State, supra, Richards* v. *State, supra,* and *Wilburn* v. *State, supra.* Here we reduce appellant's sentence to a total of four years (one year minimum for grand larceny [Ark. Stat. Ann. § 41-3907 (Repl. 1964)], plus three years for the two unquestioned previous convictions) to remove any possibility of prejudicial effect to the appellant resulting from the two defective documents concerning previous convictions. If the state, through the attorney general, desires to accept this reduction within seventeen calendar days, the judgment is affirmed as modified. Otherwise, the judgment is reversed and remanded.

Affirmed upon acceptance of modification.

HARRIS, C.J., and FOGLEMAN and BROWN, JJ., dissent.

CARLETON HARRIS, Chief Justice, dissenting. I agree with the procedure suggested by the State as far as this particular litigation presently before the court is concerned. In *Wilburn* v. *State,* 253 Ark. 608, 487 S.W. 2d 600, this court, upon the authority of the United States Supreme Court cases cited in *Wilburn,* reversed the judgment because the evidence offered concerning one of appellant's three prior convictions did not reflect that Wilburn was represented by counsel in the earlier conviction, or that he had waived counsel, and we remanded the case for another trial "unless the attorney general within 17 days elects to accept a modification of the punishment so as to sentence Wilburn to the minimum time of three years plus one additional year as penalty for the second offense, or a total of four years in the state penitentiary."

I am in agreement with the State's proposal that this cause should be remanded for further proceedings to be conducted before the trial judge in order to determine whether the prior convictions were, as a matter of law, constitutionally infirm. Evidence should be presented before the court relative to whether appellant was represented on those occasions by counsel, or if he waived the right to counsel. If the additional evidence affirmatively reflects either of these facts, then, of course, the documents which were presented before the jury

were properly admissible, and the original sentence should stand. On the other hand, if the evidence does not reflect either of these two facts, the State would then elect under the option set forth in *Wilburn* and either accept the minimal enhancement sentence of four years, or retry appellant with the possibility of obtaining, upon conviction, an enhancement sentence of from four to 21 years. I cannot see how McConahay can be prejudiced under this procedure, for unless the evidence, beyond a reasonable doubt, reflects that McConahay was represented by counsel, or waived the right to counsel, the judgment stands reversed. On the other hand, if the evidence reflects beyond a reasonable doubt that McConahay was represented by counsel, or waived that right, he still has suffered no prejudice, for the jury has *already* passed upon his prior convictions (the same jury that passed on the current grand larceny charge), and our statute has thus been complied with. I recognize that McConahay did not take the stand to testify relative to these prior convictions — but he certainly had the opportunity to testify and to deny that he had been convicted. Thus far, I agree with fellow Justice Fogleman, and we are in accord with regard to disposition of this case.

However, as far as future cases are concerned, I would suggest the following procedure:

The jury shall first hear all the evidence relating to the current charge against a defendant and shall retire to reach its verdict as to this particular charge, based only upon the evidence of the current offense (this is the requirement of the statute). If the jury finds the defendant guilty, the court, before permitting any evidence to be presented to the jury by the prosecuting attorney relative to prior convictions under the habitual criminal act, should conduct an in chambers hearing, and pass upon the validity or admissibility of the evidence to be offered to the jury concerning prior convictions. Should the court find a constitutional defect (the defendant was not represented by counsel or did not waive the right to counsel in the earlier convictions), the court would not permit such evidence to be introduced before the jury. If, on the other hand, the evidence convinces the trial court beyond a reasonable doubt that the defendant was represented by counsel, or waived the right to counsel at the

trials which resulted in prior convictions, this evidence would then be admitted before the jury, and that body (the same jury which found him guilty on the current charge), would pass upon whether he had been convicted of the prior offenses, and would then fix his punishment, considering both the current and previous convictions. The requirement of the statute that "the same jury shall sit again and hear evidence of defendant's prior conviction(s)" would thus be observed.

This procedure would guard against inadmissible testimony concerning prior convictions being offered in evidence, preventing reversals in cases involving habitual offenders, and at the same time, in every respect, safeguarding the rights of a defendant.[1] It follows that I disagree with the views expressed in the majority opinion, and accordingly, respectfully dissent.[2]

JOHN A. FOGLEMAN, Justice, dissenting. I dissent from the condition placed upon the affirmance. I would remand the judgment without modification. I definitely disagree with certain statements in the majority opinion. I further dissent from the rejection of the procedure on remand suggested by the Attorney General. I do not agree that representation by counsel, or lack of it, or waiver, has even a remote or minute bearing on the "truthfulness or veracity" of a record of conviction. Nor can I agree that records of convictions which are silent with respect to representation by counsel, or the waiver of the right thereto, are, in any sense of the word "infirm documents". The fact that it is necessary that a foundation be laid for their introduction does not make them infirm.

---

[1]Lest I be accused of legislating, let it be pointed out that the General Assembly of 1971, through Act 470, enacted legislation reading as follows:

"SECTION 1. The Supreme Court of the state of Arkansas shall have the power to prescribe, from time to time, rules of pleading, practice, and procedure with respect to any or all proceedings in criminal cases and proceedings to punish for criminal contempt of court in all the inferior courts of law in this state."

Under this legislation, it is my view that a rule should be promulgated embracing the procedure set out in this opinion. For that matter, there is nothing suggested that conflicts with the statute, the only purpose being to prevent inadmissible testimony from being offered.

[2]I would even go along with the majority opinion insofar as disposition of this case is concerned, if the opinion provided that future cases should be handled in the manner set out in this dissent.

Neither do I agree that somehow appellant would, as implied by the majority, be deprived of the right to confront and cross-examine witnesses by the state's suggestion. The relevance of the statement in that regard escapes me.

I do not agree that appellant's counsel had the right to rely on our previous decisions in not contesting the *existence* of the previous convictions, as the statute permits. We had no such decisions and appellant had every opportunity to contest the *existence* of these convictions, if he chose to do so, after they were admitted. I am sure that the majority does not really intend to say, though it does imply, that trials should be reduced to sporting matches in which one party or the other may "hide behind a log" of error and by reason thereof be afforded a second chance to do that which he could have done, without prejudice, in the first instance, had he chosen to do so.

I cannot help feeling that an erroneous premise has led the majority into its unwarranted rejection of the procedure proposed by the state. That premise is the statement, or to say the least, the plain implication, that the question of representation or waiver of counsel in a previous conviction is necessarily for jury determination, at least at the option of a defendant in the position of appellant.

I feel that elaboration upon the state's proposed procedure is essential to its being understood and demonstrative of its propriety.

Where we have found this error in previous cases, beginning with *Wilburn,* we have permitted the state to have the option of having the judgment affirmed but modified to provide for the minimum sentence which the jury might have imposed if the objectionable evidence had been excluded or to have it reversed and the case remanded for a new trial. We did this on the basis that, if the modification be accepted, there was no possible prejudice to the appellant.

The state suggests that the *Wilburn* procedure is not necessarily exclusive and that there is an alternate procedure which we can and should follow in these cases. The Attorney General urges that we remand this case to the trial court for an evidentiary hearing of the type prescribed in *Jackson* v.

*Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908, 1 A.L.R. 2d 1205 (1964) where the question of the admissibility of a confession was involved, except that the state here would have the burden of showing, beyond a reasonable doubt, that McConahay was represented by counsel at his trial on the questioned convictions, or that he had knowingly and intelligently waived his right to such representation. If the state meets that heavy burden, he suggests, the constitutional error was harmless and the sentence should stand. If not, then the trial court could give the state the option of agreeing to a reduction of sentence under the *Wilburn* rule, or a new trial. I find this suggestion to be practical, without prejudice to any right of appellant and constitutionally in harmony with *Jackson* v. *Denno*, supra.

Our statute on habitual offenders is Ark. Stat. Ann. § 2330.1 (Supp. 1973). In pertinent part, it reads:

The following trial procedure shall be adhered to in cases involving habitual criminals:

*****

(2) If the defendant is found guilty, the same jury shall sit again and hear evidence of defendant's prior conviction(s). Provided, that the defendant *shall have the right to deny the existence of any prior conviction(s), and to offer evidence in support thereof.* (Emphasis ours.)

The statute only gave the defendant the right to deny the existence of any prior conviction. Clearly appellant had that right in this case but chose not to avail himself of it. There is no right on the part of a defendant to have the jury determine the weight or credibility of evidence of a previous conviction on the basis of representation by counsel or lack thereof or to consider the question of admissibility of evidence of a previous conviction. Where records of prior convictions are offered, either for enhancement of punishment or for impeachment of a witness, the question whether the party or witness was afforded the right to counsel, or waived it, goes to the question of admissibility of the evidence of the conviction. This is made clear in the leading case, *Burgett* v. *Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L. Ed. 2d 319 (1967). We have treated the matter in the same light. See *Wilburn* v. *State*, 253 Ark. 608, 487 S.W. 2d 600; *Richards* v. *State*, 254 Ark. 760, 498

S.W. 2d 1; *Roach v. State,* 255 Ark. 773, 503 S.W. 2d 467.

The determination whether evidence is admissible is for the trial judge, even though he may have to decide a preliminary question of fact relating to the foundation for its admission. 75 Am. Jur. 2d 407, Trial § 345; 88 C.J.S. 407, Trial § 207. This is true, even though it is not error for the trial court, when in doubt about a matter essential to admission, to submit the question to the jury. 75 Am. Jur. 2d 407, Trial § 345; 88 C.J.S. 407, Trial § 207. See IX Wigmore on Evidence (3rd Ed.) 501, § 2550; McCormick on Evidence (2d Ed.) 121, § 53; *Cantrell v. State,* 117 Ark. 233, 174 S.W. 521; *Pine Bluff Co. v. Bobbett,* 174 Ark. 41, 294 S.W. 1002; *Wimberly v. State,* 90 Ark. 514, 119 S.W. 668; *Clements v. State,* 199 Ark. 69, 133 S.W. 2d 844.

It was clearly recognized in *Burgett,* that the error in admitting evidence such as is involved here might be harmless. There the United States Supreme Court said:

> The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* is inherently prejudicial and we are unable to say that the instructions to disregard it made the constitutional error "harmless beyond a reasonable doubt" within the meaning of *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.

Other courts have recognized that this is the case. See e.g. *Donahay v. State,* 255 S. 2d 598 (1971); *Gilday v. Scafati,* 428 F. 2d 1027 (1 Cir. 1970); *United States v. Penta,* 475 F. 2d 92 (1 Cir. 1973); *Gilday v. Commonwealth,* 355 Mass. 799, 247 N.E. 2d 396 (1969); *Subilosky v. Commonwealth,* 358 Mass. 390, 265 N.E. 2d 80 (1970); *White v. State,* 11 Md. App. 423, 274 A 2d 671 (1971); *Tucker v. United States,* 299 F. Supp. 1376 (D.C., Cal., 1969), 431 F. 2d 1292 (9 Cir. 1970), *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed 2d 592 (1972). In *Loper v. Beto,* 405 US 473, 92 S. Ct. 1014 (1972) this possibility was definitely recognized. The prevailing plurality of four, added this footnote to their opinion per Stewart, J.:

> In the circumstances of this case there is little room for a finding of harmless error, if, as appears on the record now before us, Loper was unrepresented by

counsel and did not waive counsel at the time of the earlier convictions. Cf. *Subilosky* v. *Moore*, 443 F. 2d 334; *Tucker* v. *United States*, 431 F. 2d 1292; *Gilday* v. *Scafati*, 428 F. 2d 1027.

Furthermore, Mr. Justice White, in a concurring opinion essential to the decision, made these pertinent statements:

***** and as our past cases now stand, I agree with Mr. Justice Stewart that the Court of Appeals' reasons for affirming the District Court were erroneous. This judgment, however, does not necessarily mean that Loper's conviction must be set aside. There remain issues unresolved by the Court of Appeals, as to whether the challenged prior convictions were legally infirm; was Loper represented by counsel at the time of the earlier convictions; if not, did he waive counsel? These matters are best considered in the first instance by the Court of Appeals. The same is true with respect to the legal significance of the lack of proof with respect to the validity of one or more of the prior convictions used for impeachment purposes at Loper's trial. In this connection, I do not understand our prior decisions to hold that there is no room in cases such as this for a finding of harmless error; and if this case is ultimately to turn on whether there was harmless error or not, I would prefer to have the initial judgment of the lower court.

The Supreme Court of California *In Re Dabney,* 76 Cal. Reptr. 636, 452 P. 2d 924 (1969) discussed the matter, viz.

We do not believe that the Supreme Court's description of the error as inherently prejudicial means that it can never be found "harmless beyond a reasonable doubt" within the meaning of *Chapman*, for the court apparently applied the *Chapman* test in *Burgett*. It did not state that because the error was inherently prejudicial it could never be deemed harmless, but instead stated that the error was inherently prejudicial and that "we are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' * * *." It did not foreclose the possibility that on another record presenting different facts it could conclude that such error was harmless.

By describing the error as inherently prejudicial, the court may have meant only that such error is always to some extent harmful by reason of its essential character and is therefore different from error in the admission of other unconstitutionally obtained evidence that is not always harmful, such as, for example, innocent responses to an interrogation not preceded by required Miranda warnings. (*Miranda* v. *Arizona* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed 2d 694.) In this sense of "inherently," used as descriptive of the essential character of the error, commenting on a defendant's failure to testify is also inherently prejudicial. (See *Griffin* v. *California* (1965) 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed 2d 106.) Such error, however, may be found harmless under *Chapman*. Accordingly, we adhere to our holding * * * that the introduction into evidence of an unconstitutional prior conviction is not prejudicial per se and therefore does not necessarily effect reversible error. Both the court's language in *Burgett* and the background provided by *Spencer* make clear, however, that only the most compelling showing can justify finding such error harmless beyond a reasonable doubt.

If appellant was actually represented by counsel, or had waived his right to counsel, in the cases resulting in the conviction of which he complains, he has not been prejudiced and the error is harmless. Of course, we cannot, upon the present record say that this is so. But this does not mean that appellant is entitled to a new trial without a determination whether the evidence was prejudicial or harmless. If remand for that purpose is innovative, so much the better, so long as substantial individual rights are not prejudiced. Retrials are a burden upon the whole judicial system, as well as upon witnesses, officers, and all others connected with them. Where they can be avoided without prejudice to individual rights of parties, they should. The procedure suggested by the state would be a positive step in this direction. The trial court has the means of determining the facts. If it should be found that the convictions admitted were, beyond a reasonable doubt, not constitutionally inadmissible, even though they appeared so to be, why should appellant have a new trial?

The state's suggestion is not as innovative as it might appear. In *Johnson v. State,* 9 Md. App. 166, 263 A.2d 232 (1970) the Maryland Court of Special Appeals recognized that the U.S. Supreme Court in *Burgett* applied the harmless error test of *Chapman v. State of California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.E. 2d 705 and was unable to say that the error was harmless. That court said:

> \*\*\* In short there was nothing before the trial court upon which it could properly determine that the prior convictions were valid and thus admissible. We think the purposes of justice will be advanced by permitting further proceedings in the case. As we find\*\*\*that the other contentions of appellant do not constitute grounds for reversal, we remand the case, without affirming, reversing or modifying the judgment, with direction to the lower court to conduct forthwith an evidentiary hearing on the issue of the validity of the prior convictions, at which the procedure hereinbefore set out shall be followed. Rule 1071. On the evidence adduced at such hearing, the lower court shall determine as to each prior conviction admitted in evidence at the trial on the merits, whether or not it was constitutionally valid. Upon such determination the record will be transmitted to this court.

The U.S. Court of Appeals for the Second Circuit, in *United States v. DuShane,* 435 F. 2d 187 (1970), also treated the matter, saying:

> Accordingly, on this record, the evidence of the Oklahoma conviction was improperly introduced. However, it may be that the Government can produce live witnesses whose testimony, after cross-examination, as to what transpired in Oklahoma in 1959 could be a proper basis for a finding of waiver. \*\*\*\*\* Therefore, we remand for a further evidentiary hearing on the issue of waiver. After such hearing and the careful consideration that the issue requires, if the trial judge concludes that the Government has not carried its burden of proving waiver, the judgment of conviction should be set aside. If he finds waiver, the judgment of conviction will remain, but appellant will again be able to pursue appellate

remedies, if he so wishes, on the fuller record.

See also, *People* v. *Moore,* 391 Mich. 426, 216 N.W. 2d 770 (1974), relating to post conviction relief.

In *Jackson* v. *Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908, 1 A.L.R. 2d 1205, when the question was one of admissibility of evidence, the court said:

> \*\*\* But if at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty. True, the jury in the first trial was permitted to deal with the issue of voluntariness and we do not know whether the conviction rested upon the confession; but if it did, there is no constitutional prejudice to Jackson from the New York procedure if the confession is now properly found to be voluntary and therefore admissible. If the jury relied upon it, it was entitled to do so. Of course, if the state court, at an evidentiary hearing, redetermines the facts and decides that Jackson's confession was involuntary, there must be a new trial on guilt or innocence without the confession's being admitted in evidence.

Of course, where error of constitutional proportions is involved, it is prejudicial, unless it be judicially determined beyond a reasonable doubt that the error was harmless. We should remand this case to the trial court to conduct a hearing to determine whether the error in admitting the convictions objected to was harmless beyond a reasonable doubt. If it so finds, then appellant would be free to pursue a further appeal. If not, then the court should grant appellant a new trial unless the state should agree to a reduction of sentence as prescribed in *Wilburn* v. *State,* supra, and its progeny.

I am authorized to state that Mr. Justice Brown joins in this dissent.