Billy Ray COX, Petitioner,

v.

Terrell Don HUTTO, Commissioner,
Arkansas Department of
Correction, Respondent.

No. PB–75–C–48.

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

Sept. 5, 1979.

Victra L. Fewell, Wallace, Hilburn, Clayton, May & Calhoun, North Little Rock, Ark., for petitioner.

Ray E. Hartenstein, Asst. Atty. Gen., Little Rock, Ark., for respondent.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Billy Ray Cox was convicted of burglary in 1973 and sentenced to two years' imprisonment. The same jury then sentenced him to 31½ years in a separate proceeding pursuant to the Arkansas habitual criminal statute, Ark.Stat.Ann. § 43–2328(3) (1977).[1] Although the United States District Court

---

1. "Second or subsequent convictions—Sentence.—Any person convicted of an offense, which is punishable by imprisonment in the penitentiary, who shall subsequently be convicted of another such offense, shall be punished as follows:

  \*   \*   \*   \*   \*   \*

  "(3) If the fourth or subsequent offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the person shall be sentenced to imprisonment for the fourth or subsequent offense for a determinate term not less than the maximum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than one and one half (1½) times the maximum sentence provided by law for a first conviction; provided, that any person convicted of a fourth or subsequent offense shall be sentenced to imprisonment for not less than five (5) years."

denied his petition for writ of habeas corpus, the Eighth Circuit Court of Appeals, 589 F.2d 394 reversed and remanded his petition for further proceedings to consider whether Cox sustained any prejudice from the stipulation to four prior convictions which his attorney entered into without his consent and which served as the basis for the jury's application of the habitual offender's statute. The Circuit Court directed:

"If the State fails to establish that it possessed evidence in proper form of at least three prior felony convictions of Cox, the district court should issue a writ of habeas corpus ordering Cox's release from the sentence imposed unless the State of Arkansas decides either to retry Cox or to resentence him to the two-year term assessed by the jury for the burglary offense, which sentence shall be increased by the minimum penalty for whatever prior convictions are validly established . . . ."

On May 10, 1979, counsel was appointed for Cox and on June 20, 1979, an evidentiary hearing was held at which time the State proffered certified penitentiary commitments indicating that:

(1) In Hempstead County, October 1962 term, No. 5296, Billy Ray Cox was found guilty of "the crime of STEAL CATTLE." The record indicates representation by counsel.

(2) In Hempstead County, 19th day of February, 1970, Billy Ray Cox was found "Guilty of Burglary—two year in penitentiary. Guilty of Grand larceny—one year in the penitentiary." The record indicates representation by Al Graves, appointed by the Court.

(3) In Hempstead County, July 11, 1966, No. 5605, Billy Ray Cox was found "guilty of the crime of burglary (2 counts)." The record indicates that he waived an attorney.

Thus the State provided prima facie evidence as required.

According to the statute, Ark.Stat.Ann. 43–2330.1,[2] the defendant then has the right to deny any of the offered prior convictions. Obviously, the stipulation by his attorney precluded that denial at his trial. At his hearing, however, the validity of the convictions offered was attacked, and sufficient questions were raised to indicate that Cox may have been sufficiently prejudiced by the involuntary stipulation so as to have made the state proceedings fundamentally unfair.

■ In order to understand why this is so in the face of six apparent prior convictions, when three would have been enough to support the 31½ year sentence, it is necessary to consider the Arkansas statute and recent Eighth Circuit rulings concerning its operation. It is clear that the State has the burden of proving any prior convictions but that only the jury may make the ultimate finding that the defendant is a habitual criminal deserving of enhanced punishment. *McConahay v. State*, 257 Ark. 328, 516 S.W.2d 887 (1974). The Eighth Circuit emphasized in *Klimas v. Mabry*, 599 F.2d 842 (8th Cir. 1979), that where the right to a jury trial is established by the state law, denial of that right violates even minimal standards of due process. By the terms of the Arkansas statute, *only* the jury may make the determination of punishment.

2. Trial procedure for habitual criminals.—The following trial procedure shall be adhered to in cases involving habitual criminals:

"(1) The jury shall first hear all of the evidence pertaining to the current charge against the defendant and shall retire to reach its verdict, as to this charge, based only upon such evidence; provided, however, that nothing herein shall prohibit cross-examination of a defendant as to previous convictions when the defendant takes the stand in his own defense.

"(2) If the defendant is found guilty, the same jury shall sit again and hear evidence of defendant's prior conviction(s). Provided, that the defendant shall have the right to deny the existence of any prior conviction(s), and to offer evidence in support thereof.

"(3) The jury shall again retire, and if it is found that the prior conviction(s) exists, or if the defendant admits such previous conviction(s), then the prior conviction(s) shall be considered in fixing the punishment for the current offense for which the defendant has been convicted in accordance with Section 1 . . . ."

When it has been determined, as here, that the stipulation which abrogated Cox's right to that jury determination was entered into involuntarily and thus cannot withstand attack, only a jury determination can cure the deficiency and now direct punishment as a habitual criminal unless the stipulated convictions can be supported exactly as they were offered to the jury which did, in fact, assess the enhanced penalty. The highly penal nature of Ark.Stat.Ann. § 43–2328 requires that it be strictly construed and that the State be accountable for perfect compliance with its directives. *Roach v. State*, 255 Ark. 773, 503 S.W.2d 467 (1973).

So, the issue becomes whether the four convictions to which Cox's attorney stipulated at the trial have been validly established by the State. If they have been, Cox has suffered no prejudice and his petition must be denied. If they have not been, then the Court cannot replace the jury guaranteed to the defendant by guessing what the jury might have decided had it had *another* set of convictions before it. *See Klimas, supra,* and *McConahay, supra.*

The record reflects that the prosecutor informed the Court and jury that Billy Ray Cox's attorney had entered into a stipulation with the State that Cox had been convicted of four felony convictions as follows:

"Case No. 5296, *State of Arkansas v. Billy Ray Cox*, charged with cattle theft, two counts; plea of guilty on behalf of defendant Cox; date of plea given September 23, 1962. Case No. 5827, in the Circuit Court of Hempstead County, Cause No. 5827, *State v. Billy Ray Cox*, the defendant, Billy Ray Cox, charged with burglary and grand larceny; on February 19, 1970, was tried by a jury. Verdict of the jury was guilty of burglary and he was sentenced to two years in the penitentiary; verdict of the jury as far as grand larceny, guilty, and one year in the penitentiary. These constitute two counts, your Honor." (Tr. 235)

Since the 1966 burglary convictions offered now have no relevance to the 1973 Cox trial, not having been offered then, this Court cannot consider them at this time.

The 1970 burglary and grand larceny commitments offered by the State are sufficient to indicate two prior convictions, even though the evidence is not as accurate as would be desirable. The record indicates that Al Graves represented Cox. Attorney Graves has submitted an affidavit attesting that he never represented Cox. Cox testified that Graves did not represent him. Thus the record is inaccurate on the vital matter of showing representation by counsel. Cox did, however, testify that he was represented by F. C. Crow, his employed counsel. Thus the deficiency in the record has been cured, and Cox cannot show serious prejudice from the submission of these two convictions to the jury, even though, as his counsel pointed out, the inaccuracy could be shown to diminish the credibility of this proof. It is also true that since the adoption of the new Habitual Criminal Act, Ark.Stat.Ann. § 41–1001 (effective January 1, 1976), a burglary and the felony that was the object of the burglary must be considered as a single felony conviction when used in the context of the Act. But Cox was tried in 1973 under the then existing law which allowed the two counts to stand as two separate convictions. Should he be retried, the new Code might apply; *see* Ark.Stat.Ann. § 41–102(4); but in measuring the sufficiency of the State's actions in 1973, clearly the law as it existed then must be the benchmark. Therefore, the grand larceny and burglary convictions constitute two prior offenses under Ark.Stat.Ann. § 43–2328 and the State has made its showing as to these two prior offenses.

The ambiguity of the commitment offered to prove the conviction of two offenses in 1962 creates a problem, however. The commitment states that "the defendant is guilty of the crime of STEAL CATTLE and that his punishment be and the same is hereby fixed at THREE YEARS. . . ." That, of course, speaks to one conviction, one offense, and one sentence. The State points to the heading, "Information STEALING CATTLE—2 COUNTS—THREE YEARS—TWO YEARS SUSPENDED," as curing that ambiguity. It

offers, additionally, a copy of the information, which sets forth in Count 1 the theft on August 1, 1962 of a muley cow and in Count 2 the theft of a blind calf on August 25, 1962. The docket sheet is as unclear as the commitment concerning what he was sentenced for, although it does in the caption set out the offense as "Stealing Cattle—2 counts." The affidavit of the prosecuting attorney in Cox's case, Royce Weisenberger, states that he has no recall of any of the details in this case. He does offer a summary of the practice in the Hempstead Circuit Court at that time:

"If a plea of guilty was entered and written on the docket in Judge Lyle Brown's handwriting, as in this case, it was a plea of guilty to all counts in the information for the charged offense against the particular defendant. If such a plea was not made, the docket would reflect 'Guilty Count 1—not guilty Count 2.' Thereafter, if Mr. Cox had only pled guilty to Count 1 and been sentenced on Count 1 only, Count 2 would later have been dismissed."

It may thus have been obvious to all concerned, in keeping with the practice of that court, that Billy Ray Cox was convicted of two offenses. But it would not have been unambiguous, clear proof of two separate convictions if offered in 1973, nor is it now. Clearly, however, there is unmistakable proof of a third conviction, with counsel, and that is the bare minimum required to serve as the predicate for an enhanced sentence of 31½ years.

It could be maintained that Cox thus was not prejudiced. Without stipulation the State could have shown three prior convictions and the jury *could have* assessed a sentence of 31½ years. But that is not what happened. The stipulation was to *four* convictions. It may have made absolutely no difference to the jury whether "STEAL CATTLE" was one or two offenses. The jury might have been just as disposed to impose the maximum sentence

upon him, convinced of three prior felony convictions as they would if convinced of four. But it is not for this, or any other, court to say they would have. The statute requires, as minimal due process, that the *jury* make the determination, and here the jury made their decision based on a stipulation which was not voluntarily made and which was, arguably, inaccurate. When the State invokes the penal habitual criminal statute, it is required to comply scrupulously with the specific directives of that statute. That was not done here, possibly to Cox's prejudice. Since the result has been the denial of the defendant's right to the *jury's* determination concerning his prior offenses and the effect thereof, the petition for writ of habeas corpus must be granted.

This Court is aware that the Eighth Circuit, in remanding this case, required that the State show only three prior offenses. However, the clear thrust of *Klimas, supra,* is that the right to a determination by a jury is not to be denied and that the reviewing court may not guess which convictions a jury relied upon, or disregarded, in assessing a sentence under § 43–2328. Indeed, footnote 12 at 850 in *Klimas* states, concerning *Cox's* appeal, that:

"Such prejudice would be presumed unless the state could establish that it possessed evidence at the time of trial establishing the three prior convictions necessary to support Cox's sentence. Cox's right to a redetermination by jury of his habitual criminal conviction was not raised in that case, and, thus, we did not address that issue."

That issue is now squarely before this Court. In view of the statutory language that it is for the jury to fix the punishment,[3] and in view of the consistent Arkansas requirement of strict construction of this statute, the State has but three courses of conduct open to it upon the issuance of the writ of habeas corpus. It may accept Cox's burglary conviction and the resulting

---

3. Apparently the Arkansas statute poses *no* restrictions upon the discretion of the jury in fixing punishment. The procedure contemplates that the jury will retire again and if it finds prior convictions, "then the prior conviction(s) *shall be considered* in fixing the punishment for the current offense. . . ." (Emphasis supplied.) *See* footnote 2, *supra.*

two year sentence, choosing to waive any enhancement of sentence. Such a course would obviously require his immediate release since he has served more than two years. To increase the two year sentence by the minimum penalty for whatever prior convictions are validly established to *this* Court's satisfaction would be to usurp the mandated jury function. The State may instead retry the whole case and submit the habitual criminal charge to the jury if there is another conviction. Or, finally, it would satisfy federal constitutional standards if a jury is convened to hear the evidence of prior convictions and to fix punishment therefor. However, to do so may not comply with the state requirement that the *same* jury which convicted him be reconvened to hear evidence of prior convictions. In any case, the State may not continue to hold Billy Ray Cox on the 31½ year sentence which was fixed in violation of his constitutional rights.

The State will be given until October 12, 1979, to advise the Court of its intentions. In the meantime, the defendant must be released assuming he can meet the appearance conditions or bond, if any, appropriately imposed by the state trial court.