Charles C. TUCKER *v.* STATE of Arkansas

5510                                      455 S. W. 2d 888

Opinion delivered June 15, 1970
[Rehearing denied August 3, 1970.]

*Laws & Schultze,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

Carleton Harris, Chief Justice. Appellant, Charles C. Tucker, was charged under four separate Informations with the crime of Grand Larceny and the charges were-consolidated for purposes of trial. The jury found Tucker guilty on all four counts and set his sentence at one and one-half years on each count. After the jury was discharged, and on waiver by the -appellant, the court entered sentence in accordance with the jury verdict, the court ordering that said sentences run

consecutively for the total of six years. In due time, Tucker filed a motion for a new trial alleging several grounds,[1] and the court conducted a hearing, at which time evidence was heard that one of the jurors had been found guilty of burglary and grand larceny in 1955, and had never been pardoned; it was contended that this fact entitled appellant to a new trial. At the conclusion of the hearing, the court overruled the motion and granted appellant sixty days in which to perfect his appeal. From the jury verdict, Tucker brings this appeal.[2] For reversal, two points are asserted. It is first contended that-the court erred in not granting- a new trial when it was discovered-after the verdict was entered that one of the jurors was disqualified by statute from acting as a juror, in that he was a convicted felon who had not been pardoned. It is also asserted that the court erred in refusing to answer a question from the jury foreman as-to whether the sentences on the several counts charged would run concurrently or consecutively, and further, error was committed in informing the foreman of the jury that any recommendation for a suspended sentence would have to be unanimous. We proceed to discuss these contentions.

We do not agree that the court committed error in not granting a new trial on the basis of the first contention. Actually, there are several answers that could be made to this assertion under the particular facts in the case before us, though Sub-Section (e) of Ark. Stat. Ann. § 39-102 (Supp. 1969), provides that a person who has been convicted of a felony, and has not been pardoned, is disqualified to act as a grand or petit juror.

However, it is sufficient to point out that under the facts, the juror involved, John Woddard, was not a convicted felon. The record reflects that Woodard entered a plea of guilty to burglary in 1955, at which

[1] The court had already, on September 15, 1969, entered its judgment, and had ordered Tucker committed before the motion for a new trial was heard; however, the court set aside this judgment of conviction and order for commitment.

[2] Actually, the court simply reinstated the judgment which had previously been rendered on September 15, 1969.

time he was thirteen or fourteen years of age, and was sentenced to the Arkansas Boys' Industrial School, the sentence however being suspended by the circuit court. In the case of *State Medical Board* v. *Rodgers*, 190 Ark. 266, 79 S. W. 2d 83, Rodgers was convicted of a crime involving moral turpitude and was sentenced to serve three years in a federal reformatory. His license to practice medicine was suspended by the State Medical Board upon the premise that he had been convicted of a crime involving moral turpitude. The Pulaski Circuit Court vacated, set aside, and held for naught, the order of the board revoking the license, and from that judgment, the board appealed to this court. In upholding the circuit court, we said:

"In view of the fact that appellee has not been required to suffer the punishment prescribed in the judgment and sentence above-mentioned, the question naturally arises as to whether he has been convicted within the meaning of § 8242, Crawford & Moses' Digest. It is true that he pleaded guilty to a crime involving moral turpitude, and that he was sentenced to serve three years in the reformatory, but the court before whom that case was tried saw proper to set aside the sentence and put him on probation for a period of five years. On November 21, 1933, the execution of the sentence imposed was suspended until March 1, 1934, and on the latter date it was further suspended for five years; therefore at the time appellant held its meeting and revoked appellee's license, January 10, 1934, the sentence theretofore imposed had been suspended and something still remained to be done before he could be said to have been convicted within the meaning of the statute." [citing case]

We said that notwithstanding a conviction, either by the verdict of a jury or a plea of guilty, "the accused does not become a *convict* until there has been a judgment and sentence by the court." We then stated:

"We think this case very much in point and decisive of the question here presented. There has been

no conviction within the meaning of the statute. There has been no final judgment entered because the sentence has been suspended, and the appellee has not been required to surrender himself in execution of such judgment."

It follows that since Woodard had not been convicted of a felony, appellant's contention is without merit, and there is no need to further extend the discussion.

The record reflects that the jury, after retiring to consider a verdict, returned to the courtroom where the foreman asked the court whether the sentence reached by the jury would be concurrent or consecutive. They were informed, "That is in the province of the Court". Subsequently, the jury again returned, the foreman stating that a decision had been unanimously reached concerning the guilt or innocence of the defendant, but he added:

"However, we are unable to come to a consensus on the number of years to be recommended or whether to recommend a suspended sentence or not. Do we have a consensus on those two questions?"

The court advised that there would have to be unanimity also on the recommendation for a suspended sentence. Thereafter, the jury again returned, finding Tucker guilty on all four counts, the foreman stating that they were unable to arrive at a unanimous decision concerning the penalty to be given, and adding that they were also unable to reach a unanimous decision with reference to recommending a suspended sentence. The jury was then told that the court has the authority under the law to assess the sentence itself, provided that a defendant has been found guilty, and the jury "leaves it" to the court to assess the punishment; "Then you may retire and bring such a finding back into court and your orders will be carried out". After retiring, the jury returned and the verdicts were read. Counsel for appellant then requested permission to poll

the jury on two points, *viz*, whether the verdict should run concurrently or consecutively, and further, how many members of the jury favored a suspension of the sentences given. The court refused to grant permission and counsel duly noted objections and exceptions to the Court's ruling. It is now contended that the court erred in rendering this ruling, and as previously mentioned, it is asserted that error was committed when the court refused to say whether sentences would run concurrently or consecutively; also, appellant suggests error on account of the court's telling the jury a recommendation for a suspended sentence would have to be unanimous.

We do not agree with these contentions. As far as the question of successive sentences is concerned, we have held that the matter of determining whether the sentences given a- defendant shall run concurrently or consecutively, is within the discretion of the trial court. *Hayes* v. *State*, 169 Ark. 883 S. W. 36, this case also cites the statute, passed in - 1923, presently Ark. Stat. Ann. 43-2312 (1964 Repl.), which clearly provides that it is the business of the court to determine if a sentence shall run concurrently or consecutively. In *Higgins* v. *State*, 235 Ark. 153, 357 S. W. 2d 400, we said,

"The jury, in fixing the punishment, found that the sentences should be served consecutively. We take this occasion to point out that this finding can only be considered advisory, much in the same nature as when a jury recommends a suspended sentence, inasmuch as the question of whether sentences shall be served concurrently or consecutively lies solely within the province of the court."

Of course, there can be no error in failing to -convey this information to the jury since they were without power to act.

The second part of appellant's contention is likewise without merit for the same reason, *viz,* that the granting of a suspended sentence is entirely within the

984

discretion of the trial court. Ark. Stat.- Ann. 43-2324 (1964 Repl.). Our decisions support the wording of the statute. See *Higgins* v. *State, Supra,* specifically the section just quoted. Of course, if the recommendation by a jury of a suspended sentence is only advisory, even where it is the recommendation of the full jury, there can be-no error in refusing a poll of the jury on -this point where admittedly, the members of the jury were divided on the question.

Finding no reversible error, the judgment is affirmed.

It is so ordered.