## Rudy Lee SUTHERLAND v. ARKANSAS DEPARTMENT OF INSURANCE

5-5609                                                     467 S. W. 2d 724

### Opinion delivered June 14, 1971

*Glenn F. Walther*, for appellant.

*Thomas S. Stone, Early R. Wiseman and Stephen E. Safly*, for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Rudy Lee Sutherland, is a licensed insurance agent under the laws of Arkansas, having been licensed in April, 1968. Sutherland, in December, 1969, was convicted in California of a felony, such felony being equivalent to embezzlement in this state.[1] On April 6, 1970, the Insurance Commis-

---

[1] According to the statement of the case, Sutherland is a former Arkansan who had moved to California, and operated an insurance agency for several years; his California license was revoked on April 11, 1968, and the Arkansas license granted within a few days thereafter, the revocation being unknown to the Arkansas Insurance Commissioner.

sioner of the State of Arkansas conducted a hearing for the purpose of determining whether Sutherland's license should be cancelled, and after taking evidence, issued an order revoking the license of Sutherland on the basis of Sub-Paragraph (e) of Paragraph 1 of Ark. Stat. Ann. § 66-2835 (Repl. 1966), which gives as one of the grounds for revocation the following: "Conviction, by final judgment, of a felony involving moral turpitude." Thereupon the commissioner ordered appellant's license to sell insurance cancelled. In the meantime, Sutherland had appealed the conviction in the California court to the appellate courts, and he appealed the cancellation order to the Pulaski County Circuit Court, asserting that he had not been convicted by a "final judgment" since his case was on appeal; that final conviction would not occur until the highest state appellate court handling this type of case had affirmed the conviction. Thereafter, the Circuit Court, (Second Division) of Pulaski County, not agreeing with this contention, affirmed the order of the commissioner revoking the license of the appellant, and from the judgment so entered, Sutherland brings this Appeal. Three points are argued for reversal, but all relate to whether the judgment of the California trial court was a "final judgment", the judgement of conviction now pending on appeal.

At the outset, it might be stated that it is argued by appellant, that under California law, Sutherland has not been convicted by final judgment,[2] a point not raised in the trial court, but even had this question been timely raised, there would be no point in discussing the California law, for the matter is controlled by Arkansas law, i. e., the judgment entered by the California trial court, insofar as it relates to the question at hand, is governed by whether the judgment was final under Arkansas law. This is true because of the ancient principle

---

[2] It would appear from the California statute that appellant's argument would be erroneous. Pen. C. A. § 1237 provides that an appeal may be taken by a defendant: 1. "From a final judgment of conviction; an order granting probation shall be deemed to be a final judgment within the meaning of this section. . . ." The cases are not entirely clear as they do not relate to circumstances similar to those in the present judgment.

of law that where the enforcement of the foreign law would contravene the established policy of the state of the forum, the law of the forum governs. See *Beauchamp* v. *Bertig*, 90 Ark. 351, 119 S. W. 75. See also Leflar, American Conflicts Law (1968) § 109 p. 251. The Arkansas view of the question presented was set forth in 1917 in the case of *Huddleston* v. *Craighead County*, 128 Ark. 287, 194 S. W. 17. In 1935 this case was cited and relied upon by this court in its holding in *State Medical Board* v. *Rodgers*, 190 Ark. 266, 79 S. W. 2d 83, a case involving the revocation of a medical license. As recently as June 15, 1970, the holdings in *Huddleston* and *Rodgers* were reiterated in *Tucker* v. *State*, 248 Ark. 979, 455 S. W. 2d 888.[3] Of course, the General Assembly, in enacting legislation, is presumed to be familiar with the holdings of the Arkansas Supreme Court, *Lumbermen's Mut. Cas. Co.* v. *Moses*, 224 Ark. 67, 271 S. W. 2d 780, and accordingly was presumed to be familiar with the cases just cited, when passing the statute, now codified as Section 66-2835.

Before discussing the application of these cases to the instant question, we must first examine the proceedings in California. The record reflects that on December 9, 1969, the jury returned the following verdict:

"IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE The People of the State of California, Plaintiff, vs. RUDY LEE SUTHERLAND, Defendant. No. C-21263 VERDICT We, the Jury in the above entitled action find the Defendant, RUDY LEE SUTHERLAND, Guilty of the crime of Felony, to-wit: Violation of Sections 484-487 of the Penal Code of the State of California (Grand Theft) as charged in the In-

---

[3] All of these cases contain the language that an "accused does not become a *convict* until there has been a judgment and sentence by the court". Actually, this language was not pertinent in *Rodgers* and *Tucker*, and was only copied from *Huddleston* where it was pertinent, the statute there in question providing that a county would not be liable for costs where the defendant was convicted until execution should have been issued against the property of the "convict". The court then used the language heretofore quoted.

formation. Roma L. Marx, Foreman Dated: Dec. 9, 1969."

Thereupon, the court excused the jurors and set for hearing a "Motion for New Trial and Probation and Sentencing set for January 9, 1970 at 1:45 P. M. in Department 13". On that date, the record reveals the following:

"Defendant having been arraigned for Judgment and it appearing that there is no legal cause why judgment should not be pronounced and the Court having read and considered the probation report, it is the judgment of the Court that imposition of sentence be suspended for three (3) years and that the defendant shall be placed on probation, subject to the following terms and conditions:

(1) serve nine (9) months in the Orange County Jail;

(2) obey all the rules and regulations of the Orange County Sheriff with regard to prisoners;

(3) violate no laws;

(4) obey the usual terms and conditions of probation of the State supervising the probation;

(5) on release from Orange County Jail, defendant shall not leave this State without the approval of his probation officer, who is hereby authorized to arrange and provide out-of-state supervision;

(6) not to engage in any occupation or business without the prior approval of his probation officer;

(7) manage his business or occupation in accordance with the supervision of his probation officer, and in the event defendant is employed as an agent of any principal in any business,

defendant shall not accept funds from parties dealing with the principal, unless such funds are in the form of check or money order and made payable to the principal, and then defendant shall transfer such funds immediately to the principal, and further, defendant shall not maintain a trust account of his own for holding such funds, regardless of the nature of his activity, and if he is paid by his principal, the payment to him shall be forwarded by the principal to him and he shall not take his "percentage" or commission out of the funds he obtains from customers or clients.

The Court further decreed that it is the present intent of the Court that this offense may be reduced to a misdemeanor if the defendant leads an exemplary life during the period of the probation. Defendant remanded to the custody of the Orange County Sheriff. Notice of Appeal having been filed, bail pending appeal is set at $5,000.00 plus penalty assessment."

In *State Medical Board* v. *Rodgers supra,* this court squarely passed upon this question. Rodgers entered a plea of guilty to a charge of possessing counterfeit money in the Federal District Court, and on November 10, 1933, was ordered confined in the United States Reformatory for a period of three years. Subsequently however, on March 1, 1934, the court ordered that Rodgers be held on probation for the term and period of five years. In the meantime, the State Medical Board, on January 10, 1934, had entered an order revoking his license to practice medicine in the State of Arkansas, from which order Rodgers appealed. The circuit court rendered judgment vacating and setting aside the order of revocation, and this court affirmed the circuit court, stating:

"In view of the fact that appellee has not been required to suffer the punishment prescribed in the judgment and sentence abovementioned, the question naturally arises as to whether he has been convicted within the meaning of § 8242, Crawford & Moses' Digest. It is

true that he pleaded guilty to a crime involving moral turpitude, and that he was sentenced to serve three years in the reformatory, but the court before whom that case was tried saw proper to set aside the sentence and put him on probation for a period of five years. On November 21, 1933, the execution of the sentence imposed was suspended until March 1, 1934, and on the latter date it was further suspended for five years; therefore at the time appellant held its meeting and revoked appellee's license, January 10, 1934, the sentence theretofore imposed had been suspended and something still remained to be done before he could be said to have been convicted within the meaning of the statute. * * * * *The judgment rendered is not a final one.* [Our emphasis] Evidently it was in the contemplation of the court that some further order might be entered. * * * * There has been no final judgment entered because the sentence has been suspended, and the appellee has not been required to surrender himself in execution of such judgment. There not being a final judgment of conviction, appellant board was without authority, under this provision of the statute and under the charge made, to revoke his license, and the circuit court correctly quashed said order."

Very clearly the California court judgment suspended the imposition of the felony sentence for three years and placed appellant on probation. Likewise, as stated in *Rodgers,* the court contemplated that some further order might be entered for the judgment recites:

"The Court further decreed that it is the present intent of the Court that this offense may be reduced to a misdemeanor if the defendant leads an exemplary life during the period of the probation."

It is thus apparent that, under Arkansas holdings, Sutherland has not been convicted "by final judgment".

Of course, this does not necessarily mean that the Commissioner may not revoke Sutherland's license, for other causes for revocation of license are listed in Ark.

Stat. Ann. (Repl. 1966) § 66-2835.[4] But it is clear that there can be no revocation based upon the California conviction as it presently stands.

Reversed.

[4]For instance, it might well be that the facts, upon which the conviction was obtained in California, if presented to the commissioner, would support a revocation under sub-section (d).