Horace Junior ROGERS *v.* STATE of Arkansas

CR 76-36                                    538 S.W. 2d 300

Opinion delivered July 12, 1976

*Hubert Graves,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. On April 22, 1975, appellant Horace Rogers was charged under Ark. Stat. Ann. § 41-1001

(Repl. 1964) with the crime of burglary. He was additionally charged with being a habitual criminal according to the provisions of Ark. Stat. Ann. § 43-2328 (Supp. 1975).

Appellant was tried and found guilty of burglary. Thereafter evidence of prior convictions was introduced by the State in support of its charge under the Habitual Criminal Statute. The past convictions included charges of burglary and grand larceny to which appellant had entered a plea of nolo contendere; a sentence under the provisions of Title 18 U.S.C. §§ 5031-42 for the crime of uttering committed during appellant's minority and a two year sentence received by appellant in Oklahoma stemming from a guilty plea to a charge of second degree burglary. The charge of grand larceny to which appellant entered a plea of nolo contendere resulted in a five year probationary sentence.

Appellant first cites error in the lower court's ruling which admitted as evidence of a previous conviction his probationary sentence for grand larceny. Appellant contends that inasmuch as he was not committed to prison as a result of the charge of grand larceny, but rather received a probationary sentence, this could not be construed as a conviction and cannot serve as the basis for applying the Habitual Criminal Statute.

In support of this argument appellant cites *State Medical Board* v. *Rodgers,* 190 Ark. 266, 79 S.W. 2d 83 (1935), *Tucker* v. *State,* 248 Ark. 979, 455 S.W. 2d 888 (1970), and *Sutherland* v. *Arkansas Department of Insurance,* 250 Ark. 903, 467 S.W. 2d 724 (1971), as reflecting the view that a commitment to prison is a necessary predicate to a finding of a conviction. The Habitual Criminal Statute is not controlled by the same interpretative logic that has governed the decisions earlier cited.

*Rodgers, supra,* concerned construction of a statute providing for revocation of a license to practice medicine upon "conviction of a crime involving moral turpitude." *Tucker, supra,* concerned construction of a statute providing "that a person who has been convicted of a felony, and has not been pardoned, is disqualified to act as a grand or petit juror." *Southerland, supra,* concerned construction of a statute providing that an insurance agent's license could be revoked

upon " '[c]onviction, *by final judgment,* of a felony involving moral turpitude.' " (Italics supplied.) Each of these cases dealt with only one particular crime and none involved the Habitual Criminal Statute which in the emergency clause stated that:

> . . . [T]he passage of this Act will provide for greater punishment of habitual criminals and reduce the number of persons *committing* more than one felony and reduce the number of crimes *committed* in this State. * * * (Italics supplied.)

The statute provides that:

> Any person convicted of an offense, which is *punishable* by imprisonment in the penitentiary, who shall subsequently be convicted of another such offense, shall be punished as follows: (Italics supplied.)

The crime with which appellant was charged and found guilty was *punishable* by a term of imprisonment. The legislature intended the word "conviction" as used in Ark. Stat. Ann. § 43-2328 (Supp. 1975) to mean the establishment of guilt prior to and independently of judgment and sentence. This usage of the word "conviction" has been specifically recognized by the Court. In *Fanning* v. *State,* 47 Ark. 442, 2 S.W. 70 (1886), the Court stated:

> A conviction is defined to be "that legal proceeding of record which ascertains the guilt of the party, and upon which the sentence or judgment is founded."

The statutory purpose was to discourage individuals from repeatedly committing acts constituting felonies under our law, i.e., acts which are "punishable by imprisonment in the penitentiary." It was the repeated commission of such offenses which concerned the legislature, not the actual punishment by imprisonment or lack of it which the offender received for any such previous offense.

It would not be reasonable to assume that the legislature intended a person who was found to have committed a felony for which he was actually imprisoned should receive a

harsher penalty than a person who was found to have committed the same felony but was placed on statutory probation. For the foregoing reasons we find no merit in this contention.

Appellant also questions the admission of testimony that he had been charged in the United States District Court with the crime of uttering and sentenced under the Federal Juvenile Delinquency Act[1] to a term not to exceed his minority.

An adjudication in federal court as a juvenile delinquent is not deemed a criminal conviction. *Fagerstrom* v. *U.S.*, 311 F. 2d 717 (8th Cir. 1963). The stated legislative intent of the Act is that any adjudication of juvenile delinquency thereunder shall result in the determination of a status and not conviction for a crime. *Cotton* v. *U.S.*, 355 F. 2d 480 (10th Cir. 1966). See *United States* v. *Caniff*, 521 F. 2d 565 (2d Cir. 1975), cert. denied 423 U.S. 1059, 96 S. Ct. 796, 46 L. Ed. 2d 650 (1976), to the same effect.

For the foregoing reasons the court erred in allowing the sentence under the Federal Juvenile Delinquency Act to be admitted in evidence.

The erroneous admission of this conviction requires that appellant's plea for a sentence reduction be recognized. Ark. Stat. Ann. § 43-2328 provides in part applicable to this appeal that:

> If the fourth or subsequent offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the person shall be sentenced to imprisonment for the fourth or subsequent offense for a determinate term not less than the maximum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than one and one half (1 1/2) times the maximum sentence provided by law for a first conviction; provided, that any person convicted of a fourth or subsequent offense shall be sentenced to imprison-

---

[1]Title 18 U.S.C., §§ 5031-42.

ment for not less than five (5) years.

Since we have determined that of the two prior convictions contested by appellant as inadmissible one must be so declared, three previous admissible convictions remain. When cumulated with appellant's instant conviction the language of § 43-2328(3) becomes applicable. This section makes mandatory the imposition of the maximum term of imprisonment, 21 years, against one falling within its ambit. It additionally provides that a multiplier may be used to lengthen this term, and it is clear that the jury, in sentencing appellant to a 31 1/2-year term of imprisonment, thus increased the period of incarceration by use of this device. However, because we cannot ascertain beyond speculative persuasion what role the inadmissible conviction played in enhancing appellant's sentence and because the potential for prejudice is thereby engendered, we reduce this sentence to the minimum permissible term, or 21 years. See *Roach* v. *State,* 255 Ark. 773, 503 S.W. 2d 467 (1973), and *Richards* v. *State,* 254 Ark. 760, 498 S.W. 2d 1 (1973).

Accordingly, should the attorney general decide, within 17 days, to accept this reduction the judgment will be affirmed as modified. Otherwise the judgment will be reversed and the cause remanded for a new trial.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I must dissent because I think the court has misconstrued the Habitual Criminal Act as to the probationary sentence. This act is highly penal and must be strictly construed against the state and in favor of the accused. *Higgins* v. *State,* 235 Ark. 153, 357 S.W. 2d 499. Otherwise, I would agree that the statute might possibly be construed as the majority has construed it. But if the strict construction rule is applied, the very language of the statute mandates a construction more favorable to appellant. Actually the Habitual Criminal Act imposes collateral consequences just as did the statutes involved in *State Medical Board* v. *Rodgers,* 190 Ark. 266, 79 S.W. 2d 83; *Tucker* v. *State,* 248 Ark. 979, 455 S.W. 2d 888; and *Sutherland* v. *Arkansas Department of Insurance,* 250 Ark. 903, 467 S.W. 2d 724. If there is any difference, a statute calling for greatly extended terms

of imprisonment may well call for an interpretation more, rather than less, favorable to appellant. But this is mandated by the very language of the act itself. The language seized upon by the majority, "punishable by imprisonment in the penitentiary," is not a limitation on the word "conviction." The purpose is to eliminate misdemeanors. The meaning of the word conviction is made clear by Ark. Stat. Ann. § 43-2330 (Repl. 1964) which speaks to that which must be proved as a prior conviction, i.e., the "conviction and judgment of imprisonment in the penitentiary." There could be no other reason for including the words "judgment of imprisonment in the penitentiary."