Billy Ray **COX**, Appellee,

v.

Terrell Don **HUTTO**, Appellant.

No. 79–1778.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1980.

Decided April 16, 1980.

Rehearing Denied May 13, 1980.

Ray E. Hartenstein, Asst. Atty. Gen., Little Rock, Ark., for appellant; Steve Clark, Atty. Gen., Little Rock, Ark., on brief.

---

**5.** On this jurisdictional point the court was undivided.

**6.** *See* note 1 *supra.*

**7.** *A fortiori,* we intimate no view on the merits of Peske's claims.

Merl O. Barns, Howell, Price & Howell, Little Rock, Ark., for appellee.

Before STEPHENSON and McMILLIAN, Circuit Judges, and SCHATZ,* District Judge.

McMILLIAN, Circuit Judge.

The State of Arkansas appeals from a decision of the district court[1] granting Billy Ray Cox's petition for a writ of habeas corpus and releasing him from a prison sentence.[2] The district court, pursuant to the earlier mandate of this court in this case (Cox I),[3] found that Cox had suffered prejudice because of errors in a state court proceeding sentencing him as a habitual criminal. We affirm.

This case involves a proceeding under the Arkansas habitual criminal statute,[4] which provides longer sentences for convicted felons if they are shown to be repeat offenders. Under the statute, a defendant charged with a felony may also be charged with being a repeat offender; in such a case, the defendant has a two-stage trial. In the first stage, the defendant's guilt or innocence on the present felony charge is determined (along with the sentence which, under Arkansas law, is determined by the jury). If the defendant is found guilty, the second stage, a "sentence enhancement" proceeding, is held before the same jury, which hears evidence of prior convictions and adjusts the sentence accordingly.[5] The statute provides three levels of sentence enhancement depending on whether offenders are found to have had one, two, or three or more prior offenses.[6]

In an Arkansas court in 1973, Cox was convicted of burglary by a jury which initially sentenced him to two years imprisonment. In the habitual criminal proceeding which followed, Cox stipulated that he had four felony convictions and the jury resentenced him to thirty-one and one-half years as a habitual criminal. In 1975, Cox brought a habeas corpus proceeding in federal district court, based in part on constitutional defects in the sentence enhancement proceeding. The district court denied the petition, but in Cox I this court reversed, holding that Cox had been denied due process when his counsel stipulated that he had four previous felony convictions, because the trial court failed to inquire whether Cox had knowingly and voluntarily agreed to the stipulation. We concluded that the burden should be on the State to show that Cox had not been prejudiced by this defect in the state proceeding. The State urged that Cox had suffered no prejudice, because the State had evidence which it would have used to establish the prior convictions at Cox's trial if the stipulation had not been entered. We remanded for a determination of whether the State had met its burden.

Since then, in Klimas v. Mabry, 599 F.2d 842 (8th Cir.), reh. denied, 603 F.2d 158 (1979), petition for cert. filed, 48 U.S.L.W. 3358 (U.S. Oct. 15, 1979) (No. 79–622), we had further occasion to review the Arkansas habitual criminal statute.[7] In that case, Francis Edward Klimas had been convicted for burglary and grand larceny, and in the

---

* The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. The decision below is reported at 476 F.Supp. 906 (E.D.Ark.1979).

3. Cox v. Hutto, 589 F.2d 394 (8th Cir. 1979).

4. At the time of Cox's 1973 trial, the habitual criminal statute was Ark.Stat.Ann. § 43–2328 et seq. (repealed 1976), reproduced in part as Appendix A infra. The Arkansas criminal code including the habitual criminal statute was re-

vised in 1975 (effective 1976) and the habitual criminal statute is now Ark.Crim.Code § 41–1001 et seq. (Bobbs Merrill 1975), reproduced in part as Appendix B infra.

5. See Ark.Stat.Ann. § 43–2330.1 (repealed 1976), reproduced at Appendix A infra.

6. See Ark.Stat.Ann. § 43–2328 (repealed 1976), reproduced at Appendix A infra.

7. Klimas, too, was sentenced under the pre-1976 statute, Ark.Stat.Ann. § 43–2328 et seq. (repealed 1976), reproduced in part as Appendix A infra.

sentence enhancement phase of the trial the State introduced evidence of thirteen prior convictions. The jury then imposed the maximum sentence available under the habitual criminal statute.[8] The records for seven of those prior convictions, however, failed to establish that Klimas had been represented by counsel. The Arkansas Supreme Court held that the use of those seven convictions in the sentence enhancement proceeding violated due process of law and therefore that the seven convictions were inadmissible. *Klimas v. State*, 259 Ark. 301, 534 S.W.2d 202, *cert. denied*, 429 U.S. 846, 97 S.Ct. 128, 50 L.Ed.2d 117 (1976). But because valid evidence of six convictions remained on the trial record to support the habitual criminal charge, the Arkansas Supreme Court concluded that Klimas would not be prejudiced if his punishment were reduced to the minimum available under the habitual criminal statute for a defendant who had three or more prior convictions.[9]

In Klimas's subsequent habeas corpus proceeding, we determined that the State had not shown that the improper admission of the seven convictions was harmless error, even though the record disclosed undisputed evidence of six convictions to support the habitual criminal finding. Where seven of the thirteen convictions were inadmissible, we were unable to satisfy ourselves that the jury had indeed relied on only the six valid convictions. (The six admissible prior convictions consisted of three pairs of burglary and grand larceny convictions arising out of three incidents, one of which was the theft of cigarettes, money and other property from an open automobile trunk. *See. Klimas v. Mabry, supra*, 599 F.2d at 845 n. 5. The inadmissible convictions included crimes as serious as robbery. *Id.* at 845 n. 4.)[10] Moreover, Arkansas had changed its habitual criminal statute after Klimas's original conviction,[11] and we were also unable to determine that as a matter of law Klimas clearly could not raise any new defense or obtain a lesser punishment under the new law. *Id.* at 848–51.

The rationale of *Klimas v. Mabry* depended critically upon the fact that Arkansas

---

**8.** *See* Ark.Stat.Ann. § 43–2328(3) (repealed 1976), reproduced at Appendix A *infra*.

**9.** *Id. But see* Judge Henley's dissent from our denial of a motion for rehearing *en banc*, 603 F.2d 158 (8th Cir. 1979).

**10.** In a dissent from the denial of rehearing *en banc*, Judge Henley suggests that "the extremely severe sentence imposed on [Klimas] for comparatively minor, but not trivial, 'property crimes' involving no violence or threat of death or injury to others" might be posed as a justification for the finding of prejudice. 603 F.2d at 159. While I agree that in itself this factor would not compel a finding of prejudice, it becomes more significant in view of the fact that Arkansas requires trial by jury of the defendant's status as a habitual offender. The sentence challenged by Klimas required a finding of three prior felony convictions; as discussed *infra*, it is possible that each of the burglary-grand larceny pairs constituted only one prior felony for purposes of the habitual criminal statute. There is too great a difference between thirteen prior felony convictions and three prior "comparatively minor but not trivial" offenses for us to say that the jury was not influenced by the difference, even if the three admissible prior offenses were sufficient evidence to support the habitual criminal finding. We doubt that in this sort of criminal sentencing proceeding a judge could direct a verdict on the habitual criminal issue, especially where the statute requires a jury finding. *See generally People v. Reese*, 258 N.Y. 89, 179 N.E. 305 (1932); Annot., 58 A.L.R. 20, 59 (1929). Therefore, where such a right to a jury finding has been established, *cf. Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974), the defendant is entitled to a jury rule on the evidence such as it is, regardless if a judge would deem the evidence convincing. The three prior burglary-grand larceny convictions, while perhaps *sufficient* to support the habitual criminal finding, are not *overwhelming* proof. The submission of thirteen prior offenses placed the issue of Klimas' habitual criminal status before the jury in a significantly different posture than would have submission of only the three burglary-grand larceny conviction pairs. To hold this harmless error would, in substance if not in the abstract, infringe on Klimas' right to trial by jury of his status as a habitual criminal.

**11.** *Compare* Ark.Stat.Ann. § 43–2328 (repealed 1976), reproduced at Appendix A *infra, with* Ark.Crim.Code § 41–1001 (Bobbs Merrill 1975), reproduced at Appendix B *infra*; and *compare* Ark.Stat.Ann. § 43–2330.1(2) (repealed 1976), reproduced at Appendix A *infra, with* Ark. Crim.Code § 41–1005(2) (Bobbs Merrill 1975), reproduced at Appendix B *infra*.

gives to the jury the function of sentencing, both in general and specifically under the Habitual Criminal Act.

> Where a state has provided, by statute, that a habitual criminal charge is to be tried to a jury, we do not believe that the state can abrogate that right in a particular case without violating the notions of fundamental fairness inherent in the due process clause. Where a right to trial by jury has been established under state law, the state cannot deny a particular accused that right without violating even the minimal standards of the due process clause.

*Klimas v. Mabry, supra,* 599 F.2d at 848, *citing Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). The court was concerned that the modification of sentence in Klimas's case may have operated to abrogate Klimas's right to a jury trial. *Klimas v. Mabry, supra,* 599 F.2d at 849–50. The court also explained:

> In *Cox [I, supra]*, we held that the failure of the state trial judge to inquire into Cox's knowledge of and consent to a stipulation of his prior convictions, filed by his counsel in a habitual criminal proceeding, deprived him of his constitutional rights. We remanded the case to the District Court for a determination of whether Cox sustained any prejudice from the defective stipulation of prior convictions. Such prejudice would be presumed unless the state could establish

that it possessed evidence at the time of trial establishing the three prior convictions necessary to support Cox's sentence. Cox's right to a redetermination by jury of his habitual criminal conviction was not raised in that case and, thus, we did not address that issue.

*Klimas v. Mabry, supra,* 599 F.2d at 850 n. 12.

On remand in this case the district court squarely addressed the jury issue. As we noted in *Cox I, supra,* 589 F.2d at 396–97 & n. 3, the amount of sentence enhancement received by Cox required a finding of at least three prior convictions.[12] The State claimed in *Cox I,* and continues to claim in the present case, that three prior convictions were "established" and that a new trial for Cox would be a "futile gesture." The district court noted that Arkansas law provides that the jury determines questions of fact as to the existence of prior convictions in the habitual criminal proceeding.[13] Therefore, Cox would have been prejudiced by the stipulation of four convictions unless as a practical matter the unchallenged evidence of three of the prior convictions[14] stipulated in the 1973 trial would leave the jury no reasonable alternative but to agree with the State. As Judge Cardozo put it, "The genius of our criminal law is violated when punishment is enhanced in the face of reasonable doubt as to the facts leading to enhancement." *People v. Reese,* 258 N.Y.

---

**12.** The punishment for burglary was, at the time of Cox's conviction, not less than two and not more than twenty-one years. Thus, the jury first imposed a minimum sentence. As Cox stipulated to four prior felony convictions, the resentencing in the habitual, criminal proceeding came under Ark.Stat.Ann. § 43–2328(3) (repealed 1976), reproduced at Appendix A *infra.* Section 43–2328(3) applied to cases in which the defendant had three or more prior convictions. It mandated a sentence of not less than the maximum for the 1973 conviction (twenty-one years) and not more than one and one-half times this maximum (thirty-one and one-half years). Thus, Cox received the maximum sentence in the habitual criminal proceeding.

**13.** *See* Ark.Stat.Ann. § 43–2330.1 (repealed 1976) reproduced at Appendix A *infra;* Ark.

Crim.Code § 41–1005 (Bobbs Merrill 1975), reproduced at Appendix B *infra.*

**14.** While a showing of three prior convictions might support the sentence received by Cox, we note that the stipulation actually made in his trial included four prior convictions. On the basis of the stipulation the jury imposed the maximum enhancement of sentence. We do not know if the jury was influenced by the apparent presence of four rather than three convictions. The State indicated at oral argument that any potential prejudice could be cured by reducing the sentence to the minimum provided for the fourth offense under the habitual criminal act. *Cf.* note 4 *supra.* In view of our holding that the State has failed to establish even three of the four convictions stipulated in Cox's 1973 trial, we need not address this question.

89, 101, 179 N.E. 305, 308 (1932). The district court found the evidence not so persuasive.

The four convictions stipulated by Cox included two convictions on two counts of cattle theft in 1962 and convictions for burglary and grand larceny arising out of a break-in and theft committed by Cox in 1970. The district court found ambiguities in the record as to whether Cox had been convicted of one or two counts of cattle theft in 1962 and regarded only one such conviction as clearly established. The commitment record referred to "the crime," not crimes, of which defendant was guilty. Although the State points to other evidence that in fact two convictions did take place in 1962, the district court did not err in refusing to consider as established two 1962 convictions, for there was a dispute of fact. Arkansas law leaves the resolution of the dispute to the jury.[15]

The district court found, however, that Cox raised no serious challenges to the existence of the two 1970 convictions for burglary and grand larceny. Although a 1976 change in the Habitual Criminal Act provides that a burglary and the larceny that was the object of the burglary must be considered one conviction,[16] the Act by its terms contained no such provision when Cox was sentenced in 1973. Therefore, the district court assumed that the 1970 burglary and grand larceny convictions could have supported a jury finding of two prior convictions.

We note that under Arkansas law it is not altogether clear whether the 1970 burglary and grand larceny convictions could have been used as two separate prior convictions in the habitual criminal proceeding. The question appears to have been unresolved as of the 1976 revision of the Arkansas criminal code. "Although most circuit judges treat convictions for burglary and grand larceny as a single prior conviction for purposes of sentencing as a habitual offender, a few apparently consider such a disposition to constitute two convictions." Commentary to Ark.Crim.Code § 41–1001 (Bobbs Merrill 1975). The 1976 Code adopted the single conviction treatment in burglary-grand larceny cases.[17] Appellee is at least entitled to raise this issue in his habitual criminal proceeding.[18]

A single 1962 cattle theft conviction together with the two 1970 convictions totalled the three "established" prior felonies necessary to support Cox's sentence. But the district court found that to presume so would invade the province of the jury to make the factual determination of prior convictions under the Arkansas Habitual Criminal Act. The district court concluded that Cox suffered prejudice because he was prevented by the improper stipulation from having a jury determination of his status as a habitual criminal.

The decision below fully accords with the previous mandate of this court which remanded the case "for a redetermination of whether Cox sustained any prejudice from the defective stipulation of prior convictions," *Cox I, supra,* 589 F.2d at 397. While this court also held that prejudice would necessarily exist unless the State established three prior convictions of Cox, we did not foreclose a finding of prejudice even if three prior convictions were established. The burden of demonstrating absence of prejudice was clearly placed upon the State.

The right to trial by jury on the issue of habitual criminal status is granted on the face of the Arkansas statutes. This right has long been recognized in such a proceeding.

15. *See* note 13 *supra.*

16. *See* Ark.Crim.Code § 41–1001(2) (Bobbs Merrill 1975), reproduced at Appendix B *infra.*

17. The Arkansas Supreme Court appears to have left the question open in *Thom v. State,* 248 Ark. 180, 182–83, 450 S.W.2d 550 (1970). Although a burglary and grand larceny pair were apparently used as two convictions in *Rogers v. State,* 260 Ark. 232, 538 S.W.2d 300 (1976), the opinion indicates that the defendant in that case brought no challenge upon that point. *Id.* at 236, 538 S.W.2d 300.

18. *See* Ark.Stat.Ann. § 43–2330.1(2) (repealed 1976), reproduced at Appendix A *infra.*

Statutes providing for greater punishment of second and subsequent offenses by the same person have long been in force in this country and in England. . . . It is the established rule, under such statutes, unless the statute designates a different mode of procedure, that if the prosecutor desires to invoke the severer punishment provided as to second or subsequent offenses, the indictment or information must allege the fact of the prior conviction, and *the allegation of such conviction must be proved in the trial to the jury.*

*Massey v. United States,* 281 F. 293, 297 (8th Cir. 1922) (citations omitted) (emphasis added). *See McConahay v. State,* 257 Ark. 328, 331, 516 S.W.2d 887 (1974) (emphasizing right to trial by jury under the Arkansas habitual criminal statute). The right to a jury trial would be hollow if this kind of error were harmless as a matter of law whenever a judge considered the evidence sufficient to support a verdict. The error could be harmless only if evidence properly before the jury overwhelmingly established the fact of sufficient prior convictions to support the habitual criminal finding and if beyond a reasonable doubt the error did not affect the jury's determination. *See United States v. Weir,* 575 F.2d 668 (8th Cir. 1978); *United States v. Mancino,* 468 F.2d 1350 (8th Cir. 1972). While it might be argued that once the stipulation failed in the 1973 proceeding no evidence at all remained to support the sentence enhancement, the State countered that Cox would offer no substantive challenge to the record of at least three convictions which had been read to the jury. Cox did, however, challenge the use of at least two of the four stipulated convictions as a basis for a habitual criminal finding. The sentence he received required a finding of at least three prior convictions. Therefore, as the district court concluded, Cox was prejudiced when the stipulation deprived him of the opportunity afforded him by Arkansas law to make his challenge before a jury to the use of the prior convictions.

What we have said disposes of the State's argument that the district court should have considered additional convictions of Cox which were not included in the stipulation to the district court. Use of these convictions to uphold the habitual criminal finding would be tantamount to use of new evidence on appeal to cure a defective criminal proceeding. Although in a new trial the State can introduce whatever appropriate evidence it has, it cannot retry Cox in this collateral proceeding. *See Jackson v. Denno,* 378 U.S. 368, 393, 84 S.Ct. 1774, 1789, 12 L.Ed.2d 908 (1964); *Hizel v. Sigler,* 430 F.2d 1398, 1402 (8th Cir. 1970); *State of Minnesota v. Tahash,* 364 F.2d 922, 927 (8th Cir. 1966). *See also Rummel v. Estelle,* —— U.S. ——, ———— ————, 100 S.Ct. 1133, 1141–43, 63 L.Ed.2d 382 (1980) (suggesting evidence of additional previous crimes must be introduced in the sentencing court rather than on collateral attack).

Nor is the result in this case or in *Klimas v. Mabry, supra,* 599 F.2d 842, inconsistent with the result reached in *Gerberding v. Swenson,* 435 F.2d 368 (8th Cir. 1970), *cert. denied,* 403 U.S. 906, 91 S.Ct. 2211, 29 L.Ed.2d 682 (1971). In *Gerberding* the defendant had received a sentence enhancement under a Missouri recidivist statute which specifically left the sentencing decision to the trial judge. The State had presented evidence to the judge of three prior convictions, although the statute required only one prior conviction to justify lengthening the sentence. In a habeas proceeding, a federal court determined one of the prior convictions to be inadmissible because obtained through denial of the defendant's constitutional rights. However, the court found harmless any error in admitting the prior conviction. That result does not conflict with the outcome either in *Klimas v. Mabry* or in this case. The Missouri statute did not require the sentence proceeding be by jury, a critical factor in this case. Moreover, disregarding the inadmissible evidence, plenty of support remained in the original trial record in *Gerberding,* by contrast to the weaker evidence in *Klimas v. Mabry* and the absence of any

evidence outside the defective stipulation in the trial record in this case.[19]

Accordingly, the judgment of the district court is affirmed.

## APPENDIX A

At the time of Cox's 1973 conviction, the Arkansas Habitual Criminal statutes provided:

Ark. Stat. Ann. § 43–2328 (repealed 1976). Second or subsequent convictions— Sentence.—Any person convicted of an offense, which is punishable by imprisonment in the penitentiary, who shall subsequently be convicted of another such offense, shall be punished as follows:

(1) If the second offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one (1) year more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than the maximum sentence provided by law for this offense, unless the maximum sentence is less than the minimum sentence plus one [1] year, in which case the longer term shall govern.

(2) If the third offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the person shall be sentenced to imprisonment for a determinate term not less than three (3) years more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than the maximum sentence provided by law for the offense, unless the maximum sentence is less than the mini-

mum sentence plus three (3) years, in which case the longer term shall govern.

(3) If the fourth or subsequent offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the person shall be sentenced to imprisonment for the fourth or subsequent offense for a determinate term not less than the maximum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than one and one half (1½) times the maximum sentence provided by law for a first conviction; provided, that any person convicted of a fourth or subsequent offense shall be sentenced to imprisonment for not less than five (5) years. [Acts 1953, No. 228, § 1, p. 692; 1967, No. 639, § 1, p. 1174.]

Ark. Stat. Ann. § 43–2330.1 (repealed 1976). Trial procedure for habitual criminals.—The following trial procedure shall be adhered to in cases involving habitual criminals:

(1) The jury shall first hear all of the evidence pertaining to the current charge against the defendant and shall retire to reach its verdict, as to this charge, based only upon such evidence; provided, however, that nothing herein shall prohibit cross-examination of a defendant as to previous convictions when the defendant takes the stand in his own defense.

(2) If the defendant is found guilty, the same jury shall sit again and hear evidence of defendant's prior conviction(s). Provided, that the defendant shall have the right to deny the existence of any prior conviction(s), and to offer evidence in support thereof.

(3) The jury shall again retire, and if it is found that the prior conviction(s) exists, or

---

**19.** This case comes to us on a somewhat different footing than *Klimas v. Mabry,* where not all of the evidence supporting the jury's habitual criminal finding was defective, but the State conceded that some of the evidence was defective, i.e., records of the seven convictions where Klimas was not shown to be represented by counsel. This case involves a stipulation defective in form, where the State has argued that the substance of the evidence presented to the jury could not be challenged by Cox. The State thereby sought to meet a heavy burden of showing that Cox had nothing of substance to litigate at a new trial. As the State has failed to make any such showing, the enhancement of Cox's sentence lacks even the minimal evidentiary support that was before the jury in *Klimas v. Mabry.* The prejudice to Cox therefore has a dimension not present in *Klimas v. Mabry.*

if the defendant admits such previous conviction(s), then the prior conviction(s) shall be considered in fixing the punishment for the current offense for which the defendant has been convicted in accordance with Section 1 [§ 43–2328] hereof. [Acts 1967, No. 639, § 2, p. 1174.]

### APPENDIX B

The 1976 Revision of the Arkansas Criminal Code provides in relevant part:

Ark. Crim. Code § 41–1001 (Bobbs Merrill 1975). Sentence to imprisonment for felony—Extended term for habitual offender. —(1) A defendant who is convicted of a felony and who has previously been convicted of two or more felonies may be sentenced to an extended term of imprisonment as follows:

(a) not less than ten (10) years nor more than fifty (50) years, or life, for a class A felony;

(b) not less than five (5) years nor more than thirty (30) years for a class B felony;

(c) not less than two (2) years nor more than ten (10) years for a class C felony;

(d) not exceeding five (5) years for a class D felony.

(2) For the purpose of determining whether a defendant has previously been convicted of two or more felonies, a conviction for burglary and for the felony that was the object of the burglary shall be considered a single felony conviction. Conviction of an offense that was a felony under the law in effect prior to the effective date of this Code [§§ 41–101 [to] 41–3110] shall be considered a previous felony conviction. [Acts 1975, No. 280, § 1001, p. ——.]

Ark. Crim. Code § 41–1005 (Bobbs Merrill 1975). Procedure for imposing sentence to extended term of imprisonment.—The following procedure shall govern trials at which a sentence to an extended term of imprisonment is sought pursuant to section 1001 [§ 41–1001]:

(1) The jury shall first hear all evidence relevant to the felony with which defendant is currently charged and shall retire to reach a verdict of guilt or innocence on this charge.

(2) If the defendant is found guilty of the felony, the same jury shall sit again and hear evidence of defendant's previous conviction of two or more felonies. Defendant shall have the right to hear and controvert such evidence and to offer evidence in his support.

(3) The jury shall retire again, and if it finds that the defendant has previously been convicted of two or more felonies, the jury shall consider the previous convictions in determining the sentence to be imposed for the felony of which defendant currently stands convicted. [Acts 1975, No. 280, § 1005, p. ——.]