Mr. Scott Hunter Prosecuting Attorney 514 West Washington P.O. Box 926 Jonesboro, Arkansas 72401
Dear Mr. Hunter:
This is in response to your letter wherein you request an opinion on the following:
 Is it violative of 3-1102 of the Political Practices Act, for an individual who, on or about October 27, 1959, in one of the Circuit Courts of the state, entered a plea of nolo contendere to a charge of involuntary manslaughter, and received the following sentence:
 "It is therefore ordered and adjudged that the defendant be sentenced to a term of two (2) years in the State Penitentiary. It is further ordered and adjudged that this punishment at this time be held up and suspended during good behavior and on payment of costs", to sign the state Political Practice's Pledge, certifying among other things, that he has never been convicted of a felony? No question of expungement of the record is involved.
The Arkansas political practice pledge codified at Ark. Stat. Ann. 3-1103 provides that "any person who has been convicted of a felony and signs the pledge stating that he has not been convicted of a felony shall be guilty of a class D felony." The pledge states in pertinent part:
 "I hereby certify that I have never been convicted of a felony in Arkansas or in any other jurisdiction outside of Arkansas." For purposes of this Section, a person shall be qualified to be a candidate for a State, district, county, municipal and township office and may certify that he has never been convicted of a felony if his record was expunged in accordance with Act 346 of 1975 [43-1231 — 43-1235], or a similar expunction statute in another state; provided, the candidate presents a "Certificate of Expunction" from the court that convicted the prospective candidate.
The reference to expungement in accordance to Act 346 of 1975 does not appear to be the only way in which one may be viewed as never having been convicted of a felony. The language of the statute is not exclusive and Act 346 applies only to first offenders who meet certain criteria.
It is also apparent that an individual whose sentence is suspended has not been `convicted' of an offense, at least for purposes of licensing statutes. See State Medical Board v. Rodgers, 190 Ark. 266, 79 S.W.2d 83 (1935); Sutherland v. Arkansas Department of Insurance, 250 Ark. 903, 467 S.W.2d 724 (1971). Those cases holding that a conviction may be found even where a suspended sentence is given appear to require a specific and unique definition of the word `conviction' in the statute sought to be enforced. See Rogers v. State, 260 Ark. 232, 538 S.W.2d 300
(1976); Finley v. State, 282 Ark. 146, 666 S.W.2d 701 (1984). Ark. Stat. Ann. 3-1103 has no such specious definition for `conviction'. Accordingly it would appear that one who has successfully completed his suspended sentence has not been convicted of a felony for purposes of Ark. Stat. Ann. 3-1103. The decision as to whether or not a specific individual should be prosecuted is a decision that is best left to the sound discretion of elected prosecuting attorneys. Nothing herein is intended to infringe upon or limit that discretion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Jerry E. Rose.