Josh VANESCH *v.* STATE of Arkansas

CA CR 99-1018                                    16 S.W.3d 306

Court of Appeals of Arkansas
Division III
Opinion delivered May 17, 2000

278

*Charles M. Kester,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Kelly S. Terry,* Ass't Att'y Gen., for appellee.

K. MAX KOONCE, II, Judge. Appellant was found guilty of possession of methamphetamine with intent to deliver, possession of marijuana with intent to deliver, and possession of drug paraphernalia. He appeals the convictions on the grounds that the trial court erred in admitting evidence of his juvenile delinquency adjudication. We affirm the convictions.

On January 21, 1998, appellant was charged with possession of methamphetamine with intent to deliver in violation of Ark. Code Ann. § 5-64-401 (Repl. 1997), possession of marijuana with intent to deliver in violation of Ark. Code Ann. § 5-64-401 (Repl. 1997), and possession of drug paraphernalia in violation of Ark. Code Ann. § 5-64-403 (Repl. 1997). A bench trial was held on February 26, 1999. The State amended the information on the day of trial to allege that appellant was a habitual offender under Ark. Code Ann. § 5-4-501(a) (Repl. 1997), having been convicted of more than one but less than four felonies. The State relied on a felony theft by receiving conviction and a juvenile delinquency adjudication for delivery of a controlled substance.

At trial, Officer Scott Handford testified for the State that he stopped appellant because his taillights were flashing on and off while driving on Highway 65. Handford smelled marijuana and asked for appellant's consent to search the vehicle. With appellant's consent, Handford searched the vehicle and found a black bag containing numerous items which were introduced into evidence. The items included the following: (1) less than a gram of a substance suspected to be methamphetamine; (2) more than an ounce

of a substance suspected to be marijuana; (3) a glass tube with residue; (4) a red pipe with residue; (5) a wire detector; and (6) a list of names, addresses, and telephone numbers.

Jeff Taylor, a drug chemist at the Arkansas Crime Lab, testified for the State that the items introduced into evidence included the following: (1) a bag with 138.2 grams of marijuana; (2) a bag with 4.8 grams of marijuana; (3) a bag with 0.988 grams of 28.5% pure methamphetamine or 0.281 grams of pure methamphetamine hydrochloride; (4) a red smoking device with residue of tetrahydrocannabinol; and (5) a glass tube with residue of methamphetamine.

Appellant testified in his defense. He admitted that he intended to sell the seized marijuana and that the pipe was used to smoke methamphetamine, but denied intending to sell the methamphetamine. He admitted on cross-examination that he had been convicted of felony theft by receiving. The State then attempted to show appellant a certified copy of his juvenile record. Defense counsel objected on the grounds that the records were sprung on him the day of trial and he was not aware of the law on juvenile records. The defense did not object to the State's amendment of the information to include an allegation of habitual offender. The State argued that appellant was aware of his criminal record and that the juvenile offense was a felony and therefore available for enhancement purposes for a habitual offender. Defense counsel objected on the basis that a juvenile record cannot be used for enhancement purposes for a habitual offender. The court overruled the objection. The State proceeded to question appellant about the juvenile record, and defense counsel stated, "I don't see the relevance of this." The State introduced the juvenile records wherein appellant pleaded guilty to seven counts of delivery of a controlled substance.

The trial court found appellant guilty on all charges. The court then asked the parties whether they had anything to present concerning sentencing. The State asked that the court consider appellant's felony records that had been introduced. Defense counsel made no objection to this request, and appellant was sentenced to twelve years for the possession of methamphetamine with intent to deliver conviction (Class Y felony), ten years for the possession of marijuana with intent to deliver conviction (Class C felony), and six

years for the possession of drug paraphernalia conviction (Class C felony). The sentences were to run concurrently.

■ Appellant first argues that the trial court erred when it admitted evidence of appellant's juvenile delinquency adjudication which was irrelevant and improper impeachment evidence under Rules 402, 608, and 609 of the Arkansas Rules of Evidence. We are unable to consider this argument because this court will not consider an argument raised for the first time on appeal. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997); *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997). To preserve an argument for appeal, there must be an objection in the trial court that is sufficient to apprise the court of the particular error alleged, and the appellate court will not address arguments raised for the first time on appeal. *Love v. State*, 324 Ark. 526, 922 S.W.2d 701 (1996). A party cannot change the grounds for an objection on appeal but is bound by the scope and nature of the arguments made at trial. *Henderson v. State*, 329 Ark. 526, 953 S.W.2d 26 (1997).

■ Appellant did not make any objections based on Rules 608 or 609 of the Arkansas Rules of Evidence to the admission of evidence relating to appellant's juvenile adjudication. The only objection that was made by appellant's counsel and ruled on by the trial court was as follows: "I'm objecting that I don't believe you can use the juvenile record against him for a habitual offender status in this case." After the trial court overruled the objection, the State proceeded to question appellant about whether he had an adult case transferred to juvenile court. Appellant's counsel then stated, "I don't see the relevance of this." Appellant contends this statement was a relevance objection pursuant to Ark. R. Evid. 402. Appellant's counsel never indicated he was making a Rule 402 objection, and even if appellant's counsel intended this statement to be an objection, a ruling was not obtained. This court will not review a matter on which the trial court did not rule, and a party seeking to raise the point on appeal concerning a ruling has the burden to obtain a ruling. *Byrd v. State*, 337 Ark. 413, 992 S.W.2d 759 (1999). Matters left unresolved simply may not be raised on appeal. *Alexander v. State*, 335 Ark. 131, 983 S.W.2d 110 (1998).

Appellant next contends the trial court erred when it considered appellant's juvenile delinquency adjudication as a conviction for purposes of sentence enhancement as a habitual offender under

Ark. Code Ann. § 5-4-501. The habitual offender law is codified at Ark. Code Ann. §§ 5-4-501 *et seq.* and provides in pertinent part as follows:

(a)(1) A defendant who is convicted of a felony other than those enumerated in subsections (c) and (d) of this section committed after June 30, 1993, and who has previously been convicted of more than one (1) but less than four (4) felonies, or who has been found guilty of more than one (1) but less than four (4) felonies; or

(2) A defendant who is convicted of any felony enumerated in subsection (c) of this section committed after August 31, 1997, and who has previously been convicted of more than one (1) but less than four (4) felonies not enumerated in subsection (c) of this section, or who has been found guilty of more than one (1) but less than four (4) felonies not enumerated in subsection (c) of this section; or

(3) A defendant who is convicted of any felony enumerated in subsection (d) committed after August 31, 1997, and who has previously been convicted of more than one (1) but less than four (4) felonies not enumerated in subsection (d) of this section, or who has been found guilty of more than one (1) but less than four (4) felonies not enumerated in subsection (d) of this section, may be sentenced to an extended term of imprisonment as follows:

(A) For a conviction of a Class Y felony, a term of not less than ten (10) years nor more than sixty (60) years, or life;

(B) For a conviction of a Class A felony, a term of not less than six (6) years nor more than fifty (50) years;

(C) For a conviction of a Class B felony, a term of not less than five (5) years nor more than thirty (30) years;

(D) For a conviction of a Class C felony, a term of not less than three (3) years nor more than twenty (20) years. . . .

(E) For a conviction of a Class D felony, a term of not more than twelve (12) years. . . .

Ark. Code Ann. § 5-4-501(a). In support of his argument, appellant relies on *Rogers v. State*, 260 Ark. 232, 538 S.W.2d 300 (1976). In *Rogers*, the court found that an adjudication of delinquency in federal court was not considered a criminal conviction. *Id.* The court stated that the legislative intent of the Federal Juvenile Delin-

quency Act was that any adjudication of delinquency results in the determination of a status and not a conviction of a crime. *Id.* Therefore, the court held that the trial court erred in allowing the sentence under the Federal Juvenile Delinquency Act to be admitted into evidence. *Id.*

The State contends that the juvenile code provides support for its argument that a defendant's juvenile adjudication may properly be used to enhance his sentence as a habitual offender. In support of its argument, the State relies on Ark. Code Ann. § 9-27-345 (Repl. 1998); which provides that "[j]uvenile adjudications of delinquency for offenses for which the juvenile could have been tried as an adult may be used at the sentencing phase in subsequent adult criminal proceedings. . . ." Ark. Code Ann. § 9-27-345. The State also cites Ark. Code Ann. § 9-27-309, which states that "[r]ecords of delinquency adjudications for which a juvenile could have been tried as an adult shall be made available to prosecuting attorneys for use at sentencing if the juvenile is subsequently tried as an adult. . . ." Ark. Code Ann. § 9-27-309(a)(2) (Supp. 1999). The State also notes that Ark. Code Ann. § 16-97-103 (Supp. 1999) provides that evidence relevant to sentencing under the bifurcated sentencing procedure may include the following:

> (3) Prior judicial determinations of delinquency in juvenile court, subject to the following limitations:
>
> (i) That prior delinquency adjudications be subject to a judicial determination that the relevant value of the prior juvenile adjudication outweigh its prejudicial value;
>
> (ii) That consideration only be given to juvenile delinquency adjudications for crimes for which the juvenile could have been tried as an adult; and
>
> (iii) That in no event shall delinquency adjudications for acts occurring more than ten (10) years prior to the commission of the offense charged be considered. . . .

Ark. Code Ann. § 16-97-103(3).

■ The Arkansas Code clearly permits the introduction of evidence of juvenile adjudications in the sentencing phase of trial when the requirements of Ark. Code Ann. § 16-97-103(3) are satisfied. However, a juvenile adjudication is not a felony convic-

tion, and thus cannot be used for sentence enhancement under the habitual offender law. Therefore, we find that the trial court erred in admitting appellant's juvenile adjudication in the sentencing phase of trial for the purpose of sentence enhancement under the habitual offender law. However, we will not reverse an evidentiary ruling absent a showing of prejudice. *Clark v. State*, 323 Ark. 211, 913 S.W.2d 297 (1996). We must now address whether appellant was prejudiced by this error.

■ Appellant claims he was prejudiced because the trial court unnecessarily injected the issue of his bad acts into the guilt phase of trial. Appellant admits he made no objection below based on Ark. R. Evid. 404(b), but states that "this prejudice [related to Rule 404(b)] is not asserted as an independent basis for reversal, but merely as part of the evidence as a whole which this Court must review to determine whether or not the error in introducing evidence of Mr. Vanesch's prior juvenile delinquency adjudication (which was objected to) was harmless." Because appellant did not object below on the basis of Rule 404(b), we cannot consider this argument on appeal.

■ Appellant also contends he was prejudiced during the sentencing phase of trial because the use of the juvenile adjudication to support his status as a habitual offender improperly eliminated any possibility of a suspended sentence or a fine, and required a sentence of imprisonment pursuant to Ark. Code Ann. § 5-4-104(e)(4)(Repl. 1997). However, Ark. Code Ann. § 5-4-104(e)(4) has been repealed, and appellant has not demonstrated that the trial court enhanced the sentences pursuant to the habitual offender law. The trial court sentenced appellant to twelve years for the possession of methamphetamine with intent to deliver conviction (Class Y felony), ten years for the possession of marijuana with intent to deliver conviction (Class C felony), and six years for the possession of drug paraphernalia conviction (Class C felony). The sentences were to run concurrently. The maximum non-habitual sentence is ten years for a Class C felony and forty years or life for a Class Y felony. *See* Ark. Code Ann. § 5-4-401 (Repl. 1997). Appellant's sentences did not exceed the maximum non-habitual sentences. Appellant has failed to demonstrate prejudice by the trial court's ruling, and we will not reverse an evidentiary ruling absent a showing of prejudice. *See Clark, supra*. Therefore, we affirm.

Affirmed.

CRABTREE and ROAF, JJ., agree.